1   KEKER & VAN NEST, LLP
    STUART L. GASNER - #164675
2   ERIC MACMICHAEL - #231697
    JENNIFER A. HUBER- #250143
3   710 Sansome Street
    San Francisco, CA  94111-1704
4   Telephone:  (415) 391-5400
    Facsimile:  (415) 397-7188
5

6   Attorneys for Defendant
    UBS SECURITIES LLC
7

8
                        UNITED STATES DISTRICT COURT
9
                    NORTHERN DISTRICT OF CALIFORNIA
10
                         SAN FRANCISCO DIVISION
11

12
    RICHARD J. STOEHR,                      CASE NO.
13
                             Plaintiff,
14                                          **NOTICE OF REMOVAL OF ACTION
          v.                                UNDER 28 U.S.C. §1441 (DIVERSITY)**
15
    UBS SECURITIES LLC AND DOES 1
16  THROUGH 50,

17                          Defendants.

18

19

20

21

22

23

24

25

26

27

28

1    PLEASE TAKE NOTICE that Defendant UBS SECURITIES LLC, by and through

2  undersigned counsel, hereby removes the action styled <u>Richard J. Stoehr v. UBS Securities, and</u>

3  <u>Does 1 through 50</u>, Case No. CGC-07-469841, presently pending in the Superior Court of

4  California, County of San Francisco, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support

5  of removal, the moving Defendant states as follows:

**PROCEDURAL MATTERS**

7    1.    On December 7, 2007, Plaintiff Richard Stoehr ("Plaintiff") commenced an action

8  by filing a Complaint in the San Francisco County Superior Court, Case No. CGC-07-469841,

9  against Defendant UBS Securities LLC, as successor-in-interest to SBC Warburg Dillon Read,

10 Inc., and Does 1 through 50.

11    2.    In accordance with 28 U.S.C. § 1446(a), attached as **Exhibit A** is a true and

12 correct copy of the Complaint.

13    3.    Service of the Complaint and summons upon UBS Securities LLC was properly

14 effectuated on January 10, 2008 by agreement of the parties.  See **Exhibit B**.

15    4.    Other than the Complaint attached as Exhibit A, no other processes, pleadings, or

16 orders have been served on UBS Securities LLC in this action.

17    5.    Pursuant to 28 U.S.C. § 1446(b), UBS Securities LLC is filing this Notice of

18 Removal within thirty days of the service of the initial pleading, and its Notice of Removal is

19 therefore timely.

20    6.    Venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) because

21 this Court is the United States District Court for the district and division encompassing the place

22 wherein the state court action was pending.

**INTRADISTRICT ASSIGNMENT**

24    7.    Pursuant to N.D. Civ. L.R. 3-2(d) this action shall be assigned to the

25 San Francisco Division or the Oakland Division of this Court.

**BASIS FOR DIVERSITY JURISDICTION OF THIS COURT**

27    8.    This Court has original jurisdiction over this action pursuant to 28 U.S.C.

28 § 1332(a).  As set forth in detail below, UBS Securities LLC is entitled to remove this action to

1

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY)

1   this Court pursuant to 28 U.S.C. § 1441 because (i) this action is a civil action pending within the

2   jurisdiction of the United States District Court for the Northern District of California; (ii) this

3   action is between citizens of different states; (iii) the named defendant is not a citizen of the State

4   of California; and (iv) the amount in controversy exceeds the sum or value of $75,000, exclusive

5   of interest and costs.

6        9.    Upon information and belief, Plaintiff is a citizen of the State of California,

7   residing at 34 Peninsula Road, Belvedere, California. See Complaint, Attachs. 1, 2. Plaintiff is

8   therefore deemed a citizen of the State of California for diversity jurisdiction purposes. See 28

9   U.S.C. § 1332(c)(1).

10       10.   UBS Securities LLC is (and was at the time the complaint was filed) a Delaware

11  limited liability company with its principal place of business located in Stamford, Connecticut.

12  No member of UBS Securities LLC is (or was at the time the Complaint was filed) a citizen of

13  the State of California:

14            a.    UBS Securities LLC is (and was at the time the Complaint was filed) held

15                100% by UBS AG.

16            b.    The members of UBS Securities LLC are (and were at the time the

17                complaint was filed) UBS AG and UBS Americas, Inc.

18            c.    UBS AG is (and was at the time the Complaint was filed) a corporation

19                organized and existing under the laws of Switzerland with its principal

20                place of business located in Zurich, Switzerland.

21            d.    UBS Americas, Inc. is (and was at the time the complaint was filed) a

22                corporation organized and existing under the laws of Delaware, with its

23                principal place of business in Stamford, Connecticut.

24       11.   Accordingly, pursuant to 28 U.S.C. §1332(c)(1), UBS Securities LLC is not a

25  citizen of the State of California.

26       12.   Defendants Does 1 to 50 are fictitious defendants that are disregarded for removal

27  purposes. See, e.g., 28 U.S.C. § 1441(a); Soliman v. Philip Morris, Inc., 311 F.3d 966, 971 (9th

28  Cir. 2002).

408221.03

1    13.    The Complaint alleges facts demonstrating that the amount in controversy

2    exceeds the sum or value of $75,000, excluding interest and costs.  Plaintiff asserts alleged

3    damages of $2,000,000 for breach of contract.  Complaint ¶ 10.  Because Plaintiff has pled in his

4    Complaint damages in excess of $75,000, the amount in controversy requirement has been met.

5    St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938); Pachinger v. MGM

6    Grand Hotel-Las Vegas, Inc., 802 F. 2d 362, 363 (9th Cir. 1986).

7    14.    There is, therefore, complete diversity between the Plaintiff and the named

8    Defendant, and the amount in controversy exceeds the sum or value of $75,000, exclusive of

9    interest and costs.  As a result, this Court has original jurisdiction of the action pursuant to

10    28 U.S.C. § 1332(a).

11    15.    A Notice to Adverse Party of Removal to Federal Court is simultaneously being

12    filed and served today.  A true and correct copy of that Notice is attached hereto as **Exhibit C**.

13    16.    This Notice of Removal is hereby signed pursuant to Rule 11 of the Federal Rules

14    of Civil Procedure.

15    WHEREFORE, Defendant UBS Securities LLC hereby removes the above entitled action

16    from the Superior Court of California, County of San Francisco, to this Court, and requests that

17    further proceedings be conducted in this Court as provided by law.

18

19                                              Respectfully submitted,

20    Dated:  January 10, 2008                KEKER & VAN NEST, LLP

21

22

23                              By:  /s/ Stuart L. Gasner
                                       STUART L. GASNER
24                                     Attorneys for Defendant
                                       UBS SECURITIES LLC
25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (DIVERSITY)

# EXHIBIT A

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
KENNETH G. JOHNSON (State Bar No. 059558)
JONES, CLIFFORD, JOHNSON & JOHNSON, LLP
100 Van Ness Avenue, 19th Floor
San Francisco, CA 94102

TELEPHONE NO: 415-431-5310    FAX NO. (Optional): 415-431-2288
E-MAIL ADDRESS (Optional): kjohnson@jcjj.net
ATTORNEY FOR (Name): RICHARD J. STOEHR

**FILED**
San Francisco County Superior Court

DEC 7 - 2007

GORDON PARK-LI, Clerk
CASE MANAGEMENT CONFERENCE SET

BY _____ Deputy Clerk

MAY 9 - 2008 -9ᴬᴹ

DEPARTMENT 212

SUMMONS ISSUED

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

PLAINTIFF: RICHARD J. STOEHR

DEFENDANT: UBS SECURITIES, LLC, as successor-in-interest to SBC WARBURG DILLON READ, INC.; and

[X] DOES 1 TO 50

CASE NUMBER:

CGC 07 - 469817 (handwritten, unclear)

| CONTRACT | |
|---|---|
| [X] COMPLAINT | [ ] AMENDED COMPLAINT (Number): |
| [ ] CROSS-COMPLAINT | [ ] AMENDED CROSS-COMPLAINT (Number): |

Jurisdiction (check all that apply):
[ ] ACTION IS A LIMITED CIVIL CASE
    Amount demanded  [ ] does not exceed $10,000
                  [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

1. Plaintiff* (name or names): RICHARD J. STOEHR

alleges causes of action against defendant* (name or names): UBS SECURITIES, LLC, as successor-in-interest to SBC WARBURG DILLON READ, INC.; and DOES 1 to 50

2. This pleading, including attachments and exhibits, consists of the following number of pages: Three (3)

3. a. Each plaintiff named above is a competent adult
    [ ] except plaintiff (name):
        (1) [ ] a corporation qualified to do business in California
        (2) [ ] an unincorporated entity (describe):
        (3) [ ] other (specify):

  b. [ ] Plaintiff (name):
    a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

    b. [ ] has complied with all licensing requirements as a licensed (specify):

  c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
    [X] except defendant (name): UBS SECURITIES, LLC, as successor-in-interest to SBC WARBURG DILLION REED, INC.
    (1) [ ] a business organization, form unknown     [ ] except defendant (name):
    (2) [X] a corporation     (1) [ ] a business organization, form unknown
    (3) [ ] an unincorporated entity (describe):     (2) [ ] a corporation
                                        (3) [ ] an unincorporated entity (describe):
    (4) [ ] a public entity (describe):     (4) [ ] a public entity (describe):
    (5) [ ] other (specify):     (5) [ ] other (specify):

**BY FAX**

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

**COMPLAINT—Contract**

Legal Solutions Plus

Code of Civil Procedure, § 425.12

PLD-C-001

| SHORT TITLE: STOEHR vs. UBS SECURITIES, LLC; et al. | CASE NUMBER: |
|---|---|

4.  *(Continued)*
    b.  The true names of defendants sued as Does are unknown to plaintiff.
      (1)  [x] Doe defendants *(specify Doe numbers):* 1 to 25        were the agents or employees of the named
            defendants and acted within the scope of that agency or employment.
      (2)  [x] Doe defendants *(specify Doe numbers):* 26 - 50        are persons whose capacities are unknown to
            plaintiff.
    c.  [ ]  Information about additional defendants who are not natural persons is contained in Attachment 4c.
    d.  [ ]  Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5.  [ ]  Plaintiff is required to comply with a claims statute, **and**
    a.  [ ]  has complied with applicable claims statutes, *or*
    b.  [ ]  is excused from complying because *(specify):*

6.  [ ]  This action is subject to  [ ]  Civil Code section 1812.10  [ ]  Civil Code section 2984.4.
7.  This court is the proper court because
    a.  [x]  a defendant entered into the contract here.
    b.  [ ]  a defendant lived here when the contract was entered into.
    c.  [ ]  a defendant lives here now.
    d.  [x]  the contract was to be performed here.
    e.  [ ]  a defendant is a corporation or unincorporated association and its principal place of business is here.
    f.  [ ]  real property that is the subject of this action is located here.
    g.  [x]  other *(specify):* defendant corporation is licensed to do business in California.

8.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    [x]  Breach of Contract
    [ ]  Common Counts
    [ ]  Other *(specify):*

9.  [x]  Other allegations:
    Breach of fiduciary duties

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a.  [x]  damages of: $ according to proof, exceeding Two Million Dollars ($2,000,000)
    b.  [x]  interest on the damages
      (1)  [x]  according to proof
      (2)  [x]  at the rate of *(specify):*  10%  percent per year from *(date):*  date of proof
    c.  [x]  attorney's fees
      (1)  [ ]  of: $
      (2)  [x]  according to proof.
    d.  [ ]  other *(specify):*

11. [x]  The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*
    All

Date: December 6, 2007

KENNETH G. JOHNSON (State Bar No. 055958)        ▶ _(signature)_
        (TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF OR ATTORNEY)
           *(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: STOEHR vs. UBS SECURITIES, LLC; et al. | CASE NUMBER: |
| --- | --- |

**FIRST**
_____(number)_____

## CAUSE OF ACTION—Breach of Contract

ATTACHMENT TO ☒ Complaint ☐ Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

BC-1. Plaintiff _(name):_ RICHARD J. STOEHR

    alleges that on or about _(date):_ November 3, 1997
    a ☒ written ☐ oral ☐ other _(specify):_
    agreement was made between _(name parties to agreement):_ RICHARD J. STOEHR and SBC WARBURG
    DILLON READ, INC.
    ☒ A copy of the agreement is attached as Exhibit A, or
    ☐ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☐ are as follows _(specify):_
UBS SECURITIES, LLC is the successor-in-interest to SBC WARBURG DILLION READ, INC.

BC-2. On or about _(dates):_ September 11, 2007
    defendant breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts
    _(specify):_ denied monies owed as a result of a transaction completed for THOMPSON CREEK in 2006,
reportedly approximating Seven Hundred Million Dollars ($700,000,000).

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
    excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
    ☐ as stated in Attachment BC-4 ☒ as follows _(specify):_ Defendants denied plaintiff monies owed as a
result of the above-referenced agreement and plaintiff's completed work for defendants.

BC-5. ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
    ☐ of $
    ☒ according to proof.

BC-6. ☐ Other:

Page 3

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

**CAUSE OF ACTION—Breach of Contract**

Legal
Solutions
℗ Plus

Code of Civil Procedure, § 425.12

**RICHARD J. STOLLAR**

34 PENSULA ROAD
BELVEDERE, CALIFORNIA 94920
TEL & FAX 415 435 3391

3 November, 1997

A.P.W. Durrant
SBC Warburg Dillon Read Inc.
277 Park Avenue
New York, NY 10172

Dear Tony:

I much appreciate your kind references to the value of my past contributions to the Warburg group and that you would like to continue to work together.

Your letter is acceptable as written, as I am sure that you mean in the last sentence of the second paragraph, that in the event of my death the total amount of all eight quarterly payments which have not at that time been paid, will be paid to my estate as the payments become due at the close of each quarter. If that is not the correct understanding, please advise.

In the past Warburg has been very slow paying my invoices. Most months it has been necessary for me to call the pay clerk before seeing a check. In fact as of now, the invoice for September, which was submitted October 1, has not as yet been paid. As you know I would have preferred to continue on a monthly basis. I would hope that in view of the switch to the quarterly basis we can agree that the words "... promptly after the close of the calendar quarter" means at least by 15 days after the close of the calendar quarter.

I am looking forward to getting our relationship back on track an as you say facing the together the client business.

Sincerely,

/s/ RJStollar

✾ SBC Warburg Dillon Read Inc.

277 Park Avenue
New York, NY 10172
Tel. 212-224-7000
Telex 170984
Fax 212-224-7019

2/3

**STRICTLY PRIVATE AND CONFIDENTIAL**

31ˢᵗ October, 1997

Mr. Richard J. Stoehr
34 Peninsula Road
Belvedere, CA 94920

*Dear Dick,*

    I hope I was able over dinner in San Francisco at the end of September to convince you that our Group, and the Mining Team in particular, does value very highly your contribution as a consultant and that we would like to find a basis for making it attractive for you to continue working with us.

    The work we have done together over the last several years has, we believe, opened up a number of opportunities for our Group. With your help, our mining practice is undoubtedly better placed now to capitalize on these situations. We therefore propose an initial payment of US$100,000 and a minimum retainer of US$120,000 per quarter for a period of two years commencing 1ˢᵗ October 1997. Payments against invoices (including expenses) will be made promptly after the close of each calendar quarter. In the light of other alternatives you may have, and as an incentive to you to enter into this arrangement, we agree, in the event of your death within a period of two years, to pay the sums due and payable.

    We would like our consulting services to comprise primarily your being available to SBC Warburg Dillon Read ("SBCWDR") on matters where your experience, expertise and connections might be relevant. As before, the subject matters discussed with you will be confidential and your services would be exclusive to SBCWDR as far as concerns competitive organizations, and, with consent (not to be unreasonably withheld), with regard to other organizations.

    We and you should seek to identify and agree, as early as practicable, situations that might qualify for additional payments and estimate the approximate additional amount. Each such situation will be *sui generis* (we shall often not know at the outset of

SBC Warburg Dillon Read Inc. is a subsidiary of Swiss Bank Corporation and a member of the New York Stock Exchange.    SBCWDRI-4304 9/97

# ❁ SBC Warburg Dillon Read Inc.

2

3/3

a mandate how we shall ultimately earn our revenue) and will reflect, mainly, success fees and relative contribution. We can go through some illustrative examples of how this might work in relation to advisory and equity business. We have already identified and need to agree on an estimate of additional payments that could be due to you in respect of possible transactions on behalf of Amax Gold and Thompson Creek.

The consulting arrangements will need to be formally renewed in October 1999, but we would suggest we might review together in December 1998 the work done in that year and set objectives for the following year. Following such review, consideration would be given to a payment additional to the retainer where, at our sole discretion and subject always to the overall performance of the Group and the Mining Team, we feel you have made an exceptional contribution to our business.

Obviously, these consultancy arrangements would supersede all preceding arrangements. I would suggest that you might regard Robert Pilkington as well as myself as your principal points of reference in the firm.

Please let me know if these suggestions are acceptable to you so that we can settle the details and focus together on client business.

Yours ever,

Tony

A.P.W. Durrant

# EXHIBIT B

1    KEKER & VAN NEST, LLP
      STUART L. GASNER - #164675
2    ERIC MACMICHAEL - #231697
      JENNIFER A. HUBER- #250143
3    710 Sansome Street
      San Francisco, CA  94111-1704
4    Telephone:  (415) 391-5400
      Facsimile:  (415) 397-7188
5
      Attorneys for Defendant
6    UBS SECURITIES LLC

7

8                   UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12    RICHARD J. STOEHR,                  **CASE NO.**

13                  Plaintiff,

14        v.                            **STIPULATION EXTENDING DEFENDANT UBS SECURITIES LLC'S TIME TO RESPOND TO THE**

15    UBS SECURITIES, LLC AND DOES 1       **COMPLAINT PURSUANT TO CIVIL**
      THROUGH 50,                              **LOCAL RULE 6-1(A)**

16                    Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

409081.01

1    Plaintiff, Richard J. Stoehr, and Defendant, UBS Securities LLC, through their respective

2  counsel, stipulate and agree as follows:

3    1.    Plaintiff served Defendant UBS Securities LLC with the summons and complaint

4  in this case on January 10, 2008.

5    2.    On January 10, 2008, Defendant UBS Securities LLC removed this action to

6  federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7    3.    Pursuant to Federal Rule of Civil Procedure 81(c), Defendant currently has until

8  January 31, 2008 in order to respond to Plaintiff's complaint.

9    4.    Defendant has requested – and Plaintiff has agreed – to extend Defendant's time

10  15 days to respond to the complaint.

11    **THEREFORE**

12    The parties, by and through their undersigned counsel, hereby stipulate under Local Civil

13  Rule 6-1(a) that the date for Defendant UBS Securities LLC to respond to the Complaint (by

14  answer, motion, or otherwise) in this action shall be extended to February 15, 2008.

15

16  Dated:  January 10, 2008                    JONES, CLIFFORD, JOHNSON &
                                                JOHNSON, LLP
17

18

19                                              By: /s/ Keneth G. Johnson
20                                                  KENNETH G. JOHNSON
                                                    Attorneys for Plaintiff
21                                                  RICHARD J. STOEHR

22

23  Dated:  January 10, 2008                    KEKER & VAN NEST, LLP

24

25                                              By: /s/ Stuart L. Gasner
26                                                  STUART L. GASNER
                                                    Attorneys for Defendant
27                                                  UBS Securities LLC

28

409081.01      STIPULATION EXTENDING DEFENDANT UBS SECURITIES LLC'S TIME TO RESPOND TO THE
                              COMPLAINT PURSUANT TO CIVIL LOCAL RULE 6-1(A)

# EXHIBIT C

1 | KEKER & VAN NEST, LLP
STUART L. GASNER - #164675
2 | ERIC MACMICHAEL - #231697
JENNIFER A. HUBER- #250143
3 | 710 Sansome Street
San Francisco, CA  94111-1704
4 | Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

5

6 | Attorneys for Defendant
UBS SECURITIES LLC

7

8

          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

          IN AND FOR THE CITY & COUNTY OF SAN FRANCISCO

10

11

12 | RICHARD J. STOEHR,                         Case No. CGC 07-469841

13 |                          Plaintiff,
                                             **NOTICE TO ADVERSE PARTY OF**
14 |          v.                              **REMOVAL TO FEDERAL COURT**

15 | UBS SECURITIES LLC, AND DOES 1
THROUGH 50,

16 |                          Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

                   NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT
                                  CASE NO. CGC-07-469841

1    TO PLAINTIFF RICHARD J. STOEHR AND HIS ATTORNEYS OF RECORD:

2            PLEASE TAKE NOTICE that on January 10, 2008, Defendant UBS Securities LLC, by

3    and through its undersigned attorneys, filed a Notice of Removal with the Office of the Clerk of

4    the United States District Court for the Northern District of California, San Francisco Division,

5    and that said filing shall effect the removal of this action to that United States District Court. A

6    copy of the Notice of Removal and its exhibits are attached hereto as **Exhibit A**.

7                                        Respectfully submitted,

8    Dated: January 10, 2008            KEKER & VAN NEST, LLP

9

10                                By:  _____

11                                     STUART L. GASNER
                                       Attorneys for Defendant
12                                     UBS SECURITIES LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# EXHIBIT A

1  KEKER & VAN NEST, LLP
   STUART L. GASNER - #164675
2  ERIC MACMICHAEL - #231697
   JENNIFER A. HUBER- #250143
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5

6  Attorneys for Defendant
   UBS SECURITIES LLC
7

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12
   RICHARD J. STOEHR,                      CASE NO.
13
                           Plaintiff,
14                                         NOTICE OF REMOVAL OF ACTION
        v.                                 UNDER 28 U.S.C. §1441 (DIVERSITY)
15
   UBS SECURITIES LLC AND DOES 1
16 THROUGH 50,

17                        Defendants.

18

19

20

21

22

23

24

25

26

27

28

1    PLEASE TAKE NOTICE that Defendant UBS SECURITIES LLC, by and through

2    undersigned counsel, hereby removes the action styled <u>Richard J. Stoehr v. UBS Securities, and</u>

3    <u>Does 1 through 50</u>, Case No. CGC-07-469841, presently pending in the Superior Court of

4    California, County of San Francisco, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support

5    of removal, the moving Defendant states as follows:

## PROCEDURAL MATTERS

7    1.    On December 7, 2007, Plaintiff Richard Stoehr ("Plaintiff") commenced an action

8    by filing a Complaint in the San Francisco County Superior Court, Case No. CGC-07-469841,

9    against Defendant UBS Securities LLC, as successor-in-interest to SBC Warburg Dillon Read,

10   Inc., and Does 1 through 50.

11   2.    In accordance with 28 U.S.C. § 1446(a), attached as **Exhibit A** is a true and

12   correct copy of the Complaint.

13   3.    Service of the Complaint and summons upon UBS Securities LLC was properly

14   effectuated on January 10, 2008 by agreement of the parties. <u>See</u> **Exhibit B.**

15   4.    Other than the Complaint attached as Exhibit A, no other processes, pleadings, or

16   orders have been served on UBS Securities LLC in this action.

17   5.    Pursuant to 28 U.S.C. § 1446(b), UBS Securities LLC is filing this Notice of

18   Removal within thirty days of the service of the initial pleading, and its Notice of Removal is

19   therefore timely.

20   6.    Venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) because

21   this Court is the United States District Court for the district and division encompassing the place

22   wherein the state court action was pending.

## INTRADISTRICT ASSIGNMENT

24   7.    Pursuant to N.D. Civ. L.R. 3-2(d) this action shall be assigned to the

25   San Francisco Division or the Oakland Division of this Court.

## BASIS FOR DIVERSITY JURISDICTION OF THIS COURT

27   8.    This Court has original jurisdiction over this action pursuant to 28 U.S.C.

28   § 1332(a). As set forth in detail below, UBS Securities LLC is entitled to remove this action to

1

408221.03

1  this Court pursuant to 28 U.S.C. § 1441 because (i) this action is a civil action pending within the

2  jurisdiction of the United States District Court for the Northern District of California; (ii) this

3  action is between citizens of different states; (iii) the named defendant is not a citizen of the State

4  of California; and (iv) the amount in controversy exceeds the sum or value of $75,000, exclusive

5  of interest and costs.

6    9.    Upon information and belief, Plaintiff is a citizen of the State of California,

7  residing at 34 Peninsula Road, Belvedere, California. See Complaint, Attachs. 1, 2. Plaintiff is

8  therefore deemed a citizen of the State of California for diversity jurisdiction purposes. See 28

9  U.S.C. § 1332(c)(1).

10    10.    UBS Securities LLC is (and was at the time the complaint was filed) a Delaware

11  limited liability company with its principal place of business located in Stamford, Connecticut.

12  No member of UBS Securities LLC is (or was at the time the Complaint was filed) a citizen of

13  the State of California:

14        a.    UBS Securities LLC is (and was at the time the Complaint was filed) held

15            100% by UBS AG.

16        b.    The members of UBS Securities LLC are (and were at the time the

17            complaint was filed) UBS AG and UBS Americas, Inc.

18        c.    UBS AG is (and was at the time the Complaint was filed) a corporation

19            organized and existing under the laws of Switzerland with its principal

20            place of business located in Zurich, Switzerland.

21        d.    UBS Americas, Inc. is (and was at the time the complaint was filed) a

22            corporation organized and existing under the laws of Delaware, with its

23            principal place of business in Stamford, Connecticut.

24    11.    Accordingly, pursuant to 28 U.S.C. §1332(c)(1), UBS Securities LLC is not a

25  citizen of the State of California.

26    12.    Defendants Does 1 to 50 are fictitious defendants that are disregarded for removal

27  purposes. See, e.g., 28 U.S.C. § 1441(a); Soliman v. Philip Morris, Inc., 311 F.3d 966, 971 (9th

28  Cir. 2002).

2

408221.03

1    13.    The Complaint alleges facts demonstrating that the amount in controversy

2    exceeds the sum or value of $75,000, excluding interest and costs.  Plaintiff asserts alleged

3    damages of $2,000,000 for breach of contract.  Complaint ¶ 10.  Because Plaintiff has pled in his

4    Complaint damages in excess of $75,000, the amount in controversy requirement has been met.

5    St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938); Pachinger v. MGM

6    Grand Hotel-Las Vegas, Inc., 802 F. 2d 362, 363 (9th Cir. 1986).

7    14.    There is, therefore, complete diversity between the Plaintiff and the named

8    Defendant, and the amount in controversy exceeds the sum or value of $75,000, exclusive of

9    interest and costs.  As a result, this Court has original jurisdiction of the action pursuant to

10    28 U.S.C. § 1332(a).

11    15.    A Notice to Adverse Party of Removal to Federal Court is simultaneously being

12    filed and served today.  A true and correct copy of that Notice is attached hereto as **Exhibit C**.

13    16.    This Notice of Removal is hereby signed pursuant to Rule 11 of the Federal Rules

14    of Civil Procedure.

15    WHEREFORE, Defendant UBS Securities LLC hereby removes the above entitled action

16    from the Superior Court of California, County of San Francisco, to this Court, and requests that

17    further proceedings be conducted in this Court as provided by law.

18

19                                          Respectfully submitted,

20    Dated:  January 10, 2008                KEKER & VAN NEST, LLP

21

22

23                              By: _____
                                   STUART L. GASNER
24                                  Attorneys for Defendant
                                   UBS SECURITIES LLC
25

26

27

28

3

408221.03

# EXHIBIT A

PLD-C-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>KENNETH G. JOHNSON (State Bar No. 059558)<br>JONES, CLIFFORD, JOHNSON & JOHNSON, LLP<br>100 Van Ness Avenue, 19th Floor<br>San Francisco, CA  94102<br><br>TELEPHONE NO: 415-431-5310　　FAX NO. (Optional): 415-431-2288<br>E-MAIL ADDRESS (Optional): kjohnson@jcjj.net<br>ATTORNEY FOR (Name): RICHARD J. STOEHR | FOR COURT USE ONLY<br><br>**F I L E D**<br>San Francisco County Superior Court<br><br>DEC 7 - 2007<br><br>GORDON PARK-LI, Clerk<br>CASE MANAGEMENT CONFERENCE SET<br>　　　　　Deputy Clerk<br><br>MAY 9 - 2008 -9:00 AM<br><br>DEPARTMENT 212<br><br>SUMMONS ISSUED |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA  94102
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF: RICHARD J. STOEHR<br><br>DEFENDANT: UBS SECURITIES, LLC, as successor-in-interest to SBC WARBURG<br>DILLION READ, INC.; and<br>[X] DOES 1 TO    50 | |
| CONTRACT<br>[X] COMPLAINT　　　[ ] AMENDED COMPLAINT (Number):<br>[ ] CROSS-COMPLAINT　[ ] AMENDED CROSS-COMPLAINT (Number): | |
| Jurisdiction (check all that apply):<br>[ ] ACTION IS A LIMITED CIVIL CASE<br>　　Amount demanded　[ ] does not exceed $10,000<br>　　　　　　　　　　　　[ ] exceeds $10,000, but does not exceed $25,000<br>[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint<br>　　　　[ ] from limited to unlimited<br>　　　　[ ] from unlimited to limited | CASE NUMBER:<br><br>CGC-07-469817 |

1. Plaintiff* (name or names): RICHARD J. STOEHR

   alleges causes of action against defendant* (name or names): UBS SECURITIES, LLC, as successor-in-interest to SBC WARBURG DILLON READ, INC.; and DOES 1 to 50

2. This pleading, including attachments and exhibits, consists of the following number of pages: Three (3)

3. a. Each plaintiff named above is a competent adult
   [ ] except plaintiff (name):

   　　(1) [ ] a corporation qualified to do business in California
   　　(2) [ ] an unincorporated entity (describe):
   　　(3) [ ] other (specify):

   b. [ ] Plaintiff (name):
   　　a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name (specify):

   　　b. [ ] has complied with all licensing requirements as a licensed (specify):

   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
   [X] except defendant (name): UBS SECURITIES, LLC, as　　[ ] except defendant (name):
   successor-in-interest to SBC WARBURG DILLION READ, INC.

   | | |
   |---|---|
   | (1) [ ] a business organization, form unknown | (1) [ ] a business organization, form unknown |
   | (2) [X] a corporation | (2) [ ] a corporation |
   | (3) [ ] an unincorporated entity (describe): | (3) [ ] an unincorporated entity (describe): |
   | (4) [ ] a public entity (describe): | (4) [ ] a public entity (describe): |
   | (5) [ ] other (specify): | (5) [ ] other (specify): |

BY FAX

* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

PLD-C-001

| | |
|---|---|
| SHORT TITLE: STOEHR vs. UBS SECURITIES, LLC; et al. | CASE NUMBER: |

4.  *(Continued)*
   b.  The true names of defendants sued as Does are unknown to plaintiff.
     (1) [x] Doe defendants *(specify Doe numbers):* 1 to 25 _____ were the agents or employees of the named
          defendants and acted within the scope of that agency or employment.
     (2) [x] Doe defendants *(specify Doe numbers):* 26 - 50 _____ are persons whose capacities are unknown to
          plaintiff.
   c.  [  ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d.  [  ] Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. [  ] Plaintiff is required to comply with a claims statute, and
     a.  [  ] has complied with applicable claims statutes, *or*
     b.  [  ] is excused from complying because *(specify):*

6. [  ] This action is subject to [  ] Civil Code section 1812.10 [  ] Civil Code section 2984.4.
7.  This court is the proper court because
     a.  [x] a defendant entered into the contract here.
     b.  [  ] a defendant lived here when the contract was entered into.
     c.  [  ] a defendant lives here now.
     d.  [x] the contract was to be performed here.
     e.  [  ] a defendant is a corporation or unincorporated association and its principal place of business is here.
     f.  [  ] real property that is the subject of this action is located here.
     g.  [x] other *(specify):* defendant corporation is licensed to do business in California.

8.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or
    more causes of action attached):*
    [x] Breach of Contract
    [  ] Common Counts
    [  ] Other *(specify):*

9. [x] Other allegations:
    Breach of fiduciary duties

10. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
     a.  [x] damages of: $ according to proof, exceeding Two Million Dollars ($2,000,000)
     b.  [x] interest on the damages
        (1) [x] according to proof
        (2) [x] at the rate of *(specify):* 10% percent per year from *(date):* date of proof
     c.  [x] attorney's fees
        (1) [  ] of: $
        (2) [x] according to proof.
     d.  [  ] other *(specify):*

11. [x] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*
    All

Date: December 6, 2007

KENNETH G. JOHNSON (State Bar No. 055958)

    (TYPE OR PRINT NAME)

▶ _(signature)_

            (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001(1)

| SHORT TITLE: STOEHR vs. UBS SECURITIES, LLC; et al. | CASE NUMBER: |
|---|---|

**FIRST** _____
(number)                      **CAUSE OF ACTION—Breach of Contract**

ATTACHMENT TO [x] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* RICHARD J. STOEHR

      alleges that on or about *(date):*    November 3, 1997
      a [x] written [ ] oral [ ] other *(specify):*
      agreement was made between *(name parties to agreement):*  RICHARD J. STOEHR and SBC WARBURG
DILLON READ, INC.
      [x] A copy of the agreement is attached as Exhibit A, or
      [ ] The essential terms of the agreement [ ] are stated in Attachment BC-1 [ ] are as follows *(specify):*
UBS SECURITIES, LLC is the successor-in-interest to SBC WARBURG DILLION READ, INC.

BC-2. On or about *(dates):* September 11, 2007
      defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [x] the following acts
      *(specify):*  denied monies owed as a result of a transaction completed for THOMPSON CREEK in 2006,
reportedly approximating Seven Hundred Million Dollars ($700,000,000).

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
      excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
      [ ] as stated in Attachment BC-4 [x] as follows *(specify):*  Defendants denied plaintiff monies owed as a
result of the above-referenced agreement and plaintiff's completed work for defendants.

BC-5. [x] Plaintiff is entitled to attorney fees by an agreement or a statute
        [ ] of $
        [x] according to proof.

BC-6. [ ] Other:

Page 3 _____
Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]
**CAUSE OF ACTION—Breach of Contract**    Legal
    Solutions
    ℗ Plus    Code of Civil Procedure, § 425.12

RICHARD J. STICKLER

34 PENSULA ROAD
BELVEDERE, CALIFORNIA 94920
TEL & FAX 415 435 3391

3 November, 1997

A.P.W. Durrant
SBC Warburg Dillon Read Inc.
277 Park Avenue
New York, NY 10172

Dear Tony:

   I much appreciate your kind references to the value of my past contributions to the Warburg group and that you would like to continue to work together.

Your letter is acceptable as written, as I am sure that you mean in the last sentence of the second paragraph, that in the event of my death the total amount of all eight quarterly payments which have not at that time been paid, will be paid to my estate as the payments become due at the close of each quarter. If that is not the correct understanding, please advise.

   In the past Warburg has been very slow paying my invoices. Most months it has been necessary for me to call the pay clerk before seeing a check. In fact as of now, the invoice for September, which was submitted October 1, has not as yet been paid. As you know I would have preferred to continue on a monthly basis. I would hope that in view of the switch to the quarterly basis we can agree that the words "... promptly after the close of the calendar quarter" means at least by 15 days after the close of the calendar quarter.

   I am looking forward to getting our relationship back on track an as you say facing the together the client business.

Sincerely,

/s/ RJStickler

**✻ SBC Warburg Dillon Read Inc.**

277 Park Avenue
New York, NY 10172
Tel. 212·224·7000
Telex 170984
Fax 212·224·7019

2/3

<u>STRICTLY PRIVATE AND CONFIDENTIAL</u>

31ˢᵗ October, 1997

Mr. Richard J. Stoehr
34 Peninsula Road
Belvedere, CA 94920

*Dear Dick ,*

I hope I was able over dinner in San Francisco at the end of September to convince you that our Group, and the Mining Team in particular, does value very highly your contribution as a consultant and that we would like to find a basis for making it attractive for you to continue working with us.

The work we have done together over the last several years has, we believe, opened up a number of opportunities for our Group. With your help, our mining practice is undoubtedly better placed now to capitalize on these situations. We therefore propose an initial payment of US$100,000 and a minimum retainer of US$120,000 per quarter for a period of two years commencing 1ˢᵗ October 1997. Payments against invoices (including expenses) will be made promptly after the close of each calendar quarter. In the light of other alternatives you may have, and as an incentive to you to enter into this arrangement, we agree, in the event of your death within a period of two years, to pay the sums due and payable.

We would like our consulting services to comprise primarily your being available to SBC Warburg Dillon Read ("SBCWDR") on matters where your experience, expertise and connections might be relevant. As before, the subject matters discussed with you will be confidential and your services would be exclusive to SBCWDR as far as concerns competitive organizations, and, with consent (not to be unreasonably withheld), with regard to other organizations.

We and you should seek to identify and agree, as early as practicable, situations that might qualify for additional payments and estimate the approximate additional amount. Each such situation will be *sui generis* (we shall often not know at the outset of

# ✵ SBC Warburg Dillon Read Inc.

2

**3/3**

a mandate how we shall ultimately earn our revenue) and will reflect, mainly, success fees and relative contribution. We can go through some illustrative examples of how this might work in relation to advisory and equity business. We have already identified and need to agree on an estimate of additional payments that could be due to you in respect of possible transactions on behalf of Amax Gold and Thompson Creek.

The consulting arrangements will need to be formally renewed in October 1999, but we would suggest we might review together in December 1998 the work done in that year and set objectives for the following year. Following such review, consideration would be given to a payment additional to the retainer where, at our sole discretion and subject always to the overall performance of the Group and the Mining Team, we feel you have made an exceptional contribution to our business.

Obviously, these consultancy arrangements would supersede all preceding arrangements. I would suggest that you might regard Robert Pilkington as well as myself as your principal points of reference in the firm.

Please let me know if these suggestions are acceptable to you so that we can settle the details and focus together on client business.

Yours ever,

Tony

A.P.W. Durrant

# EXHIBIT B

1  KEKER & VAN NEST, LLP
   STUART L. GASNER - #164675
2  ERIC MACMICHAEL - #231697
   JENNIFER A. HUBER- #250143
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Defendant
6  UBS SECURITIES LLC

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  RICHARD J. STOEHR,                    CASE NO.

13                    Plaintiff,

14      v.                                STIPULATION EXTENDING
                                          DEFENDANT UBS SECURITIES LLC'S
15  UBS SECURITIES, LLC AND DOES 1        TIME TO RESPOND TO THE
    THROUGH 50,                           COMPLAINT PURSUANT TO CIVIL
16                                        LOCAL RULE 6-1(A)

17                    Defendants.

18

19

20

21

22

23

24

25

26

27

28

STIPULATION EXTENDING DEFENDANT UBS SECURITIES LLC'S TIME TO RESPOND TO THE
COMPLAINT PURSUANT TO CIVIL LOCAL RULE 6-1(A)

409081.01

1    Plaintiff, Richard J. Stoehr, and Defendant, UBS Securities LLC, through their respective

2   counsel, stipulate and agree as follows:

3    1.    Plaintiff served Defendant UBS Securities LLC with the summons and complaint

4   in this case on January 10, 2008.

5    2.    On January 10, 2008, Defendant UBS Securities LLC removed this action to

6   federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7    3.    Pursuant to Federal Rule of Civil Procedure 81(c), Defendant currently has until

8   January 31, 2008 in order to respond to Plaintiff's complaint.

9    4.    Defendant has requested – and Plaintiff has agreed – to extend Defendant's time

10   15 days to respond to the complaint.

11    **THEREFORE**

12    The parties, by and through their undersigned counsel, hereby stipulate under Local Civil

13   Rule 6-1(a) that the date for Defendant UBS Securities LLC to respond to the Complaint (by

14   answer, motion, or otherwise) in this action shall be extended to February 15, 2008.

15

16   Dated:  January 10, 2008                    JONES, CLIFFORD, JOHNSON &
                                                  JOHNSON, LLP
17

18

19                                         By: /s/ Keneth G. Johnson
20                                              KENNETH G. JOHNSON
                                                Attorneys for Plaintiff
21                                              RICHARD J. STOEHR

22

23   Dated:  January 10, 2008                    KEKER & VAN NEST, LLP

24

25                                         By: /s/ Stuart L. Gasner
26                                              STUART L. GASNER
                                                Attorneys for Defendant
27                                              UBS Securities LLC

28

409081.01

STIPULATION EXTENDING DEFENDANT UBS SECURITIES LLC'S TIME TO RESPOND TO THE
COMPLAINT PURSUANT TO CIVIL LOCAL RULE 6-1(A)

# EXHIBIT C

1  KEKER & VAN NEST, LLP
   STUART L. GASNER - #164675
2  ERIC MACMICHAEL - #231697
   JENNIFER A. HUBER- #250143
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
6  Attorneys for Defendant
   UBS SECURITIES LLC
7
8
                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                IN AND FOR THE CITY & COUNTY OF SAN FRANCISCO
10
11
   RICHARD J. STOEHR,                        Case No. CGC 07-469841
12
                        Plaintiff,
13                                           **NOTICE TO ADVERSE PARTY OF**
         v.                                  **REMOVAL TO FEDERAL COURT**
14
   UBS SECURITIES LLC, AND DOES 1
15 THROUGH 50,
16                      Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT
CASE NO. CGC-07-469841

1  TO PLAINTIFF RICHARD J. STOEHR AND HIS ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on January 10, 2008, Defendant UBS Securities LLC, by

3  and through its undersigned attorneys, filed a Notice of Removal with the Office of the Clerk of

4  the United States District Court for the Northern District of California, San Francisco Division,

5  and that said filing shall effect the removal of this action to that United States District Court.  A

6  copy of the Notice of Removal and its exhibits are attached hereto as **Exhibit A**.

7                                              Respectfully submitted,

8  Dated:  January 10, 2008                    KEKER & VAN NEST, LLP

9

10

11                              By: _____
                                    STUART L. GASNER
12                                  Attorneys for Defendant
                                    UBS SECURITIES LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT
CASE NO. CGC-07-469841

408220.01