1  KEKER & VAN NEST, LLP
   STUART L. GASNER - #164675
2  ERIC H. MACMICHAEL - #231697
   JENNIFER A. HUBER - #250143
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Defendant
6  UBS SECURITIES LLC

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12  RICHARD J. STOEHR,                      Case No. C-08-0185-MEJ

13                        Plaintiff,        **DEFENDANT UBS SECURITIES LLC'S
                                            MOTION TO DISMISS PURSUANT TO
14       v.                                 FEDERAL RULE OF CIVIL
                                            PROCEDURE 12(B)(6)**
15  UBS SECURITIES LLC AND DOES 1
    THROUGH 50,                             Date:      March 21, 2008
16                                          Time:      10:00 a.m.
                          Defendants.       Dept:      Courtroom 15B
17                                          Judge:     Honorable Maria Elena-James

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2  I.    INTRODUCTION ................................................................................................1

3  II.   BACKGROUND ................................................................................................4

4  III.  LEGAL STANDARD........................................................................................5

5  IV.   ARGUMENT......................................................................................................6

6        A.    Plaintiff's Complaint is Deficient Under Federal Rule of Civil
              Procedure 8(a)........................................................................................6
7
8        B.    Stoehr Fails To Plead A Claim For Breach of Contract .........................6

9        C.    Stoehr Has Not Identified A Valid Contract..........................................7

10             1.    The October 31, 1997 letter is not an enforceable contract, but
                    rather, an unenforceable "agreement to agree."..............................7

11             2.    Alternatively, the Statute of Frauds bars plaintiff's alleged
12                  agreement, because the contract could not be performed within
                    one year and there was no writing containing all essential
13                  terms...............................................................................................8

14             3.    Even if plaintiff had a valid contract, he alleges no breach by
                    UBS of some contractual duty. .......................................................9

15       D.    Plaintiff's Claim for Breach of Contract Is Time-Barred. ...................10

16       E.    Plaintiff Has Not Adequately Alleged The Existence of A Fiduciary
17             Relationship. .........................................................................................11

     V.    CONCLUSION................................................................................................12
18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**FEDERAL CASES**

3

*Ahmadzai v. Metully*
2005 WL 2219215 (E.D.Cal., September 12, 2005)..................................................10, 11

4

*Anthony v. Yahoo Inc.*
5    421 F. Supp. 2d 1257 (N.D. Cal. 2006) .....................................................................9

6

*Arikat v. JP Morgan Chase & Co.*
430 F. Supp. 2d 1013 (N.D. Cal. 2006) ......................................................................7

7

*Associated General Contractors of Cal., Inc. v. Cal. State Council of Carpenters*
8    459 U.S. 519 (1983)...................................................................................................5

9

*Bell Atlantic Corp. v. Twombly*
127 S. Ct. 1955 (2007)............................................................................................2, 6

10

*Bureerong v. Uvawas*
11    922 F. Supp. 1450 (C.D. Cal. 1996) .........................................................................12

12

*Cahill v. Liberty Mut. Ins. Co.*
80 F.3d 336 (9th Cir. 1996) .......................................................................................5

13

*Campanelli v. Bockrath*
14    100 F.3d 1476 (9th Cir. 1996) ...................................................................................5

15

*Campbell v. Allstate Insurance Co.*
1998 U.S. Dist. LEXIS 12550 (C.D.Cal. 1998)..........................................................9

16

*County of Santa Clara v. Astra U.S., Inc.*
17    428 F. Supp. 2d 1029 (N.D. Cal. 2006) .....................................................................5

18

*Ivey v. Board of Regents of the University of Alaska*
673 F.2d 266 (9th Cir. 1982) ..................................................................................5, 7

19

*Jablon v. Dean Witter & Co.*
20    614 F.2d 677 (9th Cir. 1980) ...................................................................................11

21

*Jet Source Charter, Inc. v. Gemini Air Group, Inc.*
2007 WL 4144997 (S.D. Cal. November 19, 2007) ...................................................10

22

*Jones v. Community Redevelopment Agency of City of Los Angeles*
23    733 F.2d 646 (9th Cir. 1984) ..................................................................................2, 6

24

*Sherman v. Yakahi*
549 F.2d 1287 (9th Cir. 1977) ...................................................................................6

25

*Sonoma Foods, Inc. v. Sonoma Cheese Factor, LLC*
26    2007 WL 2122638 (N.D. Cal. July 23, 2007)........................................................11, 12

27

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) .....................................................................................5

28

DEFENDANT UBS SECURITIES LLC'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

1

## TABLE OF AUTHORITIES (cont'd.)

2 *Weinstein v. Saturn Corp.*
2007 WL 1342604, at *2 (N.D. Cal. May 8, 2007) .................................................. 10
3

4

## STATE CASES

5 *Avalon Products v. Lentini*
98 Cal. App. 2d 177 (1950) .......................................................................................... 8
6
*Banner Entertainment, Inc. v. Superior Court*
7 62 Cal. App. 4th 348 (1998) ......................................................................................... 8

8 *Beck v. American Health Group International, Inc.*
211 Cal. App. 3d 1555 (1989) ...................................................................................... 8
9
*Bustamante v. Intuit, Inc.*
10 141 Cal. App. 4th 199 (2006) ....................................................................................... 7

11 *Careau & Co. v. Sec. Pac. Business Credit, Inc.*
222 Cal. App. 3d 1371 (1990) ...................................................................................... 6
12
*Citizens for Covenant Compliance v. Anderson*
13 12 Cal.4th 345 (1995) ................................................................................................... 6

14 *Copeland v. Baskin Robbins U.S.A.*
96 Cal. App. 4th 1251 .................................................................................................. 7
15
*Neel v. Magana, Olney, Levy, Cathcart & Gelfand*
16 6 Cal. 3d 176 (1971) ................................................................................................... 10

17 *Riley v. Bear Creek Planning Committee*
17 Cal. 3d 500 (1976) .................................................................................................. 8
18
*Roberts v. Adams*
19 164 Cal. App. 2d 312 (1958) ........................................................................................ 8

20 *Roth v. Malson*
67 Cal. App. 4th 552 (1998) ......................................................................................... 3
21
*Sterling v. Taylor*
22 40 Cal. 4th 757 (2007) .................................................................................................. 8

23 *Wolf v. Superior Court*
107 Cal. App. 4th 25 (2003) ....................................................................................... 11
24

25

## FEDERAL STATUTES

26 Fed. R. Civ. P. 8(a)(2) .............................................................................................. 2, 6

27 Fed. R. Civ. P. 12(b)(6) ...................................................................................... *passim*

28

DEFENDANT UBS SECURITIES LLC'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

1

**TABLE OF AUTHORITIES (cont'd.)**

2

**STATE STATUTES**

3    Civil Local Rule 7-4(a)(3)) ............................................................................1

4    Cal. Civil Code § 1624(a)(1) ..........................................................................8

5    Cal. Civ. P. § 337(1) .....................................................................................10

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **NOTICE OF MOTION AND MOTION**

2    PLEASE TAKE NOTICE that on March 21, 2008, at 10:00 a.m., or as soon thereafter as

3    the matter may be heard, before the Honorable Maria Elena-James, United States District Court,

4    San Francisco, California, Defendant UBS Securities LLC ("UBS") will, and hereby does, move

5    the Court pursuant to the Federal Rules of Civil Procedure 12(b)(6) and 8(a) for an Order

6    dismissing the Complaint filed in this action.

7    This Motion is based on this Notice of Motion and Motion; the Memorandum of Points

8    of Authorities below; all pleadings and papers filed herein; oral argument of counsel; and any

9    other matter that may be submitted at the hearing.

10    **ISSUES TO BE DECIDED (Civil Local Rule 7-4(a)(3))**

11    1.    Whether Plaintiff's complaint should be dismissed under Federal Rule of Civil

12    Procedure 12(b)(6) for failure to state a claim upon which relief can be granted?

13    2.    Whether Plaintiff's complaint should be dismissed under Federal Rule of Civil

14    Procedure 8(a)?

15    3.    Whether Plaintiff's complaint should be dismissed as untimely?

16    **MEMORANDUM OF POINTS & AUTHORITIES**

17    **I.    INTRODUCTION**

18    The basis of this lawsuit remains a mystery to Defendant UBS Securities LLC ("UBS").

19    In a complaint that spans less than 50 words, Plaintiff Richard Stoehr ("Stoehr") sues UBS for

20    breach of contract and breach of fiduciary duties based on what appears to be nothing more than

21    unsubstantiated conjecture.  Viewed in the light most favorable to the plaintiff, Stoehr demands

22    $2 million in damages based on a transaction UBS completed for a third party (Thompson

23    Creek) in 2006.  All that Stoehr offers in support are two letters attached to his form complaint

24    which show that he worked as a consultant to SBC Warburg Dillion Read Inc. ("SBC")[1] **nearly**

25    **10 years ago**.  Rather than alleging any of the elements of a contract claim or the existence of a

26    fiduciary relationship, Stoehr simply attaches two letters to a form complaint, checks the box for

27    ───────────────────

[1] SBC is a predecessor in interest to UBS.

28

DEFENDANT UBS SECURITIES LLC'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

1    breach of contract, and asserts that he is owed $2 million.

2        The complaint is plainly defective as a matter of law because it fails to plead the

3    necessary elements of a contract claim or the existence of a fiduciary relationship.  Totally absent

4    are any factual allegations that would, if proven, support Stoehr's demand for money.

5    Accordingly, UBS moves for an order pursuant to Federal Rules of Civil Procedure 8(a) and

6    12(b)(6) dismissing Stoehr's complaint and all causes of action asserted therein.  This motion is

7    needed because Plaintiff's complaint against UBS is legally deficient for at least the following

8    four reasons:

9        *First*, Stoehr's complaint is deficient under Federal Rule of Civil Procedure 8(a), which

10    requires a complaint to set forth "a short and plain statement of the claim showing that the

11    [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This Rule ensures that a complaint gives

12    fair notice to defendants and states the elements of the claim plainly and succinctly.  *See Jones v.*

13    *Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984).

14    As the Supreme Court has recently stated, "a plaintiff's obligation to provide the 'grounds' of his

15    'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

16    the elements of a cause of action will not do. . . ." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955,

17    1964-65 (2007) (citations omitted).  Stoehr's complaint fails to comply with Rule 8(a) because it

18    fails to give UBS fair notice of the "grounds" of his claims by omitting essential, fundamental

19    facts regarding the formation, scope, terms and breach of the alleged contract.  Without these

20    rudimentary facts, the complaint fails to satisfy "the threshold requirement of Rule 8(a)(2) that

21    the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *Bell*

22    *Atl. Corp.*, 127 S.Ct. at 1966 (*quoting* Fed. R. Civ. P 8(a)(2)).

23        *Second,* while the asserted basis of the complaint is breach of contract, the alleged

24    "agreement" – an October 31, 1997 letter attached to the complaint – expired under its own

25    terms in October of 1999, more than <u>eight years</u> before this lawsuit was filed.[2]  There are no

26    allegations that the parties have had any contact in the eight years since this letter expired.  A

27    _____

28    [2] (Ex. A to Complaint) ("The consulting arrangements will need to be renewed in October of 1999.")

1   purported contract that has been inoperative for over eight years plainly cannot give rise to a

2   current legal duty. *See Roth v. Malson,* 67 Cal. App. 4th 552, 557 (1998) (existence of a valid

3   contract between the litigating parties is a necessary element to an action based on contract).

4   Similarly, plaintiff has failed to allege that any valid contract existed between the parties in the

5   four years preceding the filing of this lawsuit, which makes this case untimely under Cal. Code.

6   Civ. P. § 337.

7        ***Third,*** assuming *arguendo* that the October 31, 1997 letter is somehow still relevant, it is

8   not a legally enforceable agreement because it expressly left for future negotiation the exact

9   element plaintiff claims to have been breached.  The ostensible basis for plaintiff's claim is a

10  reference in the letter to a "need to agree on an estimate of additional payments that <u>could</u> be due

11  to [plaintiff] in respect of <u>possible</u> transactions on behalf of … Thompson Creek."[3]  It is plain on

12  the face of the letter that, at most, this was only an "agreement to agree" in the future about an

13  essential term, which remained to be negotiated.  Under well-established California law, an

14  "agreement to agree" in the future is not an enforceable contract.

15       ***Fourth,*** the complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6)

16  because it does not allege yet another essential element of a breach of contract claim:  UBS's

17  breach of some contractual duty.  The only breach referred to the in complaint is UBS's decision

18  not to give Stoehr any money based on a transaction UBS completed for Thompson Creek in

19  2006.[4]  While the complaint does not explain how the letters from 1997 are relevant to UBS's

20  transaction with Thompson Creek in 2006, even assuming for purposes of this motion that they

21  are, the letter expressly granted UBS the absolute discretion to agree, or not to agree, on

22  "additional payments that <u>could</u> be due to [plaintiff] in respect of <u>possible</u> transactions on behalf

23  of … Thompson Creek."[5]  There is nothing in the letter to suggest that Stoehr had a right in

24  perpetuity to money if UBS were to ever do a deal with Thompson Creek.  Thus, absent more

25  specific allegations regarding some duty UBS allegedly breached, Stoehr has not alleged a wrong

26

27  [3] (Ex. A to Complaint) (emphasis added).

    [4] Complaint at 2.

28  [5] (Ex. A to Complaint) (emphasis added).

DEFENDANT UBS SECURITIES LLC'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

1   that is recognized under the contract.

2                           **II.    BACKGROUND**

3       On December 6, 2007, Plaintiff Richard Stoehr filed a form complaint in California

4   Superior Court against UBS Securities LLC.  The complaint asserts a claim for breach of

5   contract, and contains a related allegation for breach of fiduciary duties.  The alleged contract is

6   comprised of two letters attached to the complaint, which consist of correspondence between

7   Stoehr and SBC Warburg Dillion Read, Inc.

8       The first letter is dated October 31, 1997 and appears to be a proposal to Stoehr to serve

9   as a consultant to the mining division at SBC for two years, commencing on October 1, 1997.

10  Regarding proposed compensation, the letter calls for an initial payment of $100,000 and a

11  quarterly retainer of $120,000.[6]  The letter goes on to state:

12      We and you should seek to identify and agree, as early as practicable, <u>situations
        that might qualify for additional payments</u> and estimate the approximate
13      additional amount.

14      Each such situation will be *sui generis* (we shall often not know at the outset
        of a mandate how we shall ultimately earn our revenue) and will reflect,
15      mainly, success fees and <u>relative contribution</u>.  We can go through  some
        illustrative examples of how this might work in relation to advisory and equity
16      business.

17      We have already identified and <u>need to agree</u> on an estimate of additional
        payment that <u>could be due</u> to you in respect of <u>possible transactions</u> on behalf
18      of Amax Gold and <u>Thompson Creek</u>.[7]

19  Stoehr wrote back to SBC on November 1, 1997, stating that the "letter is acceptable

20  as written."[8]

21      According to the complaint, UBS completed an unspecified transaction for Thompson

22  Creek in 2006.[9]  Even though the complaint states that Stoehr's relationship with SBC ended in

23  October of 1999, he contends he is owed $2 million from the 2006 Thompson Creek deal.

24

25

26  [6] *Id.*

27  [7] *Id.* (emphasis added).

    [8] *Id.*

28  [9] (Complaint at 3).

                                        4

1    On January 10, 2008 UBS removed the case to federal court on the basis of diversity.[10]

2    UBS now moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 8(a) and

3    12(b)(6) for failure to state of claim.

### III.    LEGAL STANDARD

5    "A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged

6    in the complaint." *County of Santa Clara v. Astra U.S., Inc.*, 428 F. Supp. 2d 1029, 1032 (N.D.

7    Cal. 2006). "A complaint should not be dismissed 'unless it appears beyond doubt that the

8    plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.*

9    (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "On the other hand, 'conclusory

10   allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for

11   failure to state a claim.'" *Id.* (*quoting Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.

12   1996)).

13   In deciding a motion to dismiss for failure to state a claim, the court's review is generally

14   limited to the contents of the complaint. *See Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th

15   Cir. 1996). The court must accept all factual allegations pled in the complaint as true, and must

16   construe them and draw all reasonable inferences from them in favor of the nonmoving party.

17   *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). In spite of the general

18   deference the court is bound to pay to plaintiffs' allegations, it is not proper for the court to

19   assume that "the [plaintiffs] can prove facts that [they have] not alleged." *Associated Gen.*

20   *Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Thus, a

21   court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of*

22   *Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, a court is not

23   required to credit conclusory legal allegations cast in the form of factual allegations,

24   "unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State*

25   *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

26

27

28   _____
[10] The parties entered into a stipulation on January 10, 2008 agreeing to extend the time for UBS to respond to the complaint until February 15, 2008.

1       IV.     ARGUMENT

2   **A.     Plaintiff's Complaint is Deficient Under Federal Rule of Civil Procedure 8(a)**

3           As a threshold matter, Stoehr's complaint is deficient under Federal Rule of Civil

4   Procedure 8(a), which requires a complaint to set forth "a short and plain statement of the claim

5   showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 requires a

6   "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp.*, 127 S.Ct. at

7   1965 n.3 (*quoting* Fed. R. Civ. P 8(a)(2)). This Rule ensures that a complaint gives fair notice to

8   defendants and states the elements of the claim plainly and succinctly. *See Jones v. Community*

9   *Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984). Where a

10  complaint contains nothing more than conclusory allegations, unsupported by facts, it fails to

11  comply with Rule 8. *See Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). In this case,

12  plaintiff has made no meaningful attempt to comply with Rule 8, and, for this reason alone, his

13  form complaint must be dismissed.

14  **B.     Stoehr Fails To Plead A Claim For Breach of Contract**

15          A defendant in a breach of contract case is entitled to a complaint giving fair notice of the

16  obligations he or she allegedly failed to meet. Therefore, to state a claim for breach of contract a

17  plaintiff must adequately allege: (1) the existence of a valid contract between the parties; (2)

18  plaintiff's performance; (3) defendant's unjustified or unexcused failure to perform; and (4)

19  damages to plaintiff caused by the breach. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222

20  Cal. App. 3d 1371, 1388 (1990).

21          Stoehr's breach of contract claim fails to meet this most basis pleading standard. Rather

22  than alleging any of the elements of a contract claim or the existence of a fiduciary relationship,

23  Stoehr simply attaches two letters to a form complaint, checks a box for breach of contract, and

24  demands $2 million. Aside from the common reference to Thompson Creek, the complaint

25  literally makes no effort to explain how these isolated letters from 1997 are related to work

26  performed by UBS in 2006. On this crucial point, the complaint is silent, forcing UBS and the

27  Court to engage in boundless speculation to find the basis of a claim. Likewise, Stoehr does not

28  allege any facts to show (i) his performance under the alleged contract; (ii) UBS' breach of some

1   duty; or (iii) any damages proximately caused by said breach. In short, plaintiff has not pled

2   facts sufficient to constitute *any* of the essential elements of his contract claim, and this Court

3   should not now supply them. *See Ivey*, 673 F.2d at 268. Plaintiff's complaint should be

4   dismissed pursuant to Fed. R. Civ. P. 12(b)(6). *See Arikat v. JP Morgan Chase & Co.*, 430 F.

5   Supp. 2d 1013, 1022 (N.D. Cal. 2006) ("Plaintiffs' vague allegation that they entered into

6   'various and sundry credit agreements with all named defendants, and/or their assignors' is

7   insufficient to provide any of the defendants with fair notice of plaintiffs' claims against them.")

8   **C.    Stoehr Has Not Identified A Valid Contract.**

9        **1.    The October 31, 1997 letter is not an enforceable contract, but rather, an unenforceable "agreement to agree."**

10       Even if Stoehr could satisfy the pleading requirements under Rules 8(a) and 12(b)(6), this

11  complaint should still be dismissed because plaintiff has not and cannot allege the existence of a

12  valid contract with UBS. The October 31, 1997 letter which plaintiff ostensibly relies on for his

13  breach of contract claim states: "We have already identified and <u>need to agree</u> on an estimate of

14  additional payment that <u>could</u> be due to you in respect of <u>possible</u> transactions on behalf of

15  Amax Gold and Thompson Creek."[11] Thus, it is undisputed that when the parties exchanged

16  letters in 1997, there was no agreement on the critical issue of plaintiff's entitlement to fees for a

17  possible transaction with Thompson Creek. Rather, this was something the parties expressly left

18  for some future agreement. Under California law, this is not a valid contract, but rather, an

19  unenforceable "agreement to agree."

20       California law "provides no remedy for breach of an 'agreement to agree' in the future."

21  *Copeland v. Baskin Robbins U.S.A.*, 96 Cal. App. 4th 1251, 1256-57 (2002) (distinguishing a

22  "contract to negotiate the terms of an agreement," with an "agreement to agree"); *see also*

23  *Bustamante v. Intuit, Inc.*, 141 Cal. App. 4th 199, 213 (2006) ("[T]he parties had at best an

24  'agreement to agree,' which is unenforceable under California law.") This rule is grounded in

25  the well-established principle that "the failure to reach a meeting of the minds on all material

26  points prevents the formation of a contract even though the parties have orally agreed upon some

27

28  [11] (Ex. A to Complaint) (emphasis added).

DEFENDANT UBS SECURITIES LLC'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

1  of the terms, or have taken some action related to the contract." *Banner Entertainment, Inc. v.*

2  *Superior Court*, 62 Cal. App. 4th 348, 359 (1998).  Thus, California courts have repeatedly held

3  that a contract that leaves essential terms for future negotiation of the parties is no contract at all;

4  in other words, there is no contract until all essential terms are agreed-upon.  *See Beck v.*

5  *American Health Group Int'l, Inc.*, 211 Cal. App. 3d 1555, 1562 (1989) ("[A]n agreement for

6  future negotiations [is] not the functional equivalent of a valid, subsisting agreement."); *Avalon*

7  *Products v. Lentini*, 98 Cal. App. 2d 177, 179-80 (1950) (When a contract leaves an essential

8  element "to the future negotiation and agreement of the parties, the contract is void").

9      Consequently, where, as here, the parties expressly reserve the determination of payment

10  for future negotiations, the contract is rendered "unenforceable in any form of action because it is

11  a mere nullity." *Roberts v. Adams*, 164 Cal. App. 2d 312, 315-316 (1958) ("It is firmly

12  established as the law of California that failure to specify or furnish a standard for determination

13  of terms of payment … is fatal to [the contract's] enforceability notwithstanding any desire of

14  the court to be liberal and helpful.")  This cause of action should therefore be dismissed with

15  prejudice for lack of a valid contract.

16      **2.    Alternatively, the Statute of Frauds bars plaintiff's alleged agreement,**
       **because the contract could not be performed within one year and there was**
17      **no writing containing all essential terms.**

18      Another way of reaching the same result is through a straightforward application

19  of the Statute of Frauds.  The purported contract attached to the complaint is subject to the

20  Statute of Frauds because it is an "agreement that by its terms is not to be performed within a

21  year from the making thereof."  Cal. Civ. Code § 1624(a)(1).  The California Supreme Court has

22  held that in order to satisfy the Statute of Frauds, there must be a written instrument that contains

23  all of the essential terms of the contract, and the contract must in fact be consummated.  *Sterling*

24  *v. Taylor*, 40 Cal.4th 757, 766 (2007).

25      It is undisputed that the parties were still negotiating as of October 31, 1997; this is

26  reflected by the fact that the parties merely "agreed to agree" about plaintiff's entitlement to any

27  money from the "possible" Thompson Creek deal.  Consequently, this letter does not satisfy the

28  Statute of Frauds because it does not state all material terms.  *See Riley v. Bear Creek Planning*

1  *Committee*, 17 Cal. 3d 500, 509 (1976)[12] ("Every material term of an agreement within the

2  statute of frauds must be reduced to writing.  No essential element of a writing so required can be

3  supplied by parol evidence.")

4       **3.    Even if plaintiff had a valid contract, he alleges no breach by UBS of some
         contractual duty.**

5

6       Plaintiff's complaint should be dismissed for the additional reason that the factual

7  allegation that purports to underlie plaintiff's breach of contract claim is contradicted by the

8  plain and unambiguous language of the letter-agreement attached to the complaint.  Courts

9  throughout the Ninth Circuit have routinely dismissed claims for breach of contract at the

10 pleading stage where, as here, it is clear from the unambiguous terms of the contract that the

11 alleged conduct by the defendant does not constitute a breach.  *See, e.g., Anthony v. Yahoo! Inc.*,

12 421 F. Supp. 2d 1257, 1261-62 (N.D. Cal. 2006) (dismissing complaint because plaintiff failed to

13 identify an express provision of the contract that defendant's conduct violated); *Campbell v.*

14 *Allstate Ins. Co.*, 1998 U.S. Dist. LEXIS 12550, *1 (C.D.Cal. Aug. 6,1998) (dismissing claims

15 for breach of contract where defendant's acts were consistent with plain language of agreement

16 and therefore did not constitute breach).

17      Plaintiff does not, and cannot, identify any specific contractual provision that UBS

18 breached.  The only possible breach referred to in the complaint is UBS's failure to pay Stoehr

19 any money based on a transaction UBS completed for Thompson Creek in 2006.[13]  Even

20 assuming that the alleged contract – which expired in 1999 – is somehow relevant to UBS'

21 transaction with Thompson Creek in 2006, the contract expressly granted UBS the absolute

22 discretion to agree, or not to agree, on "additional payments that could be due to [plaintiff] in

23 respect of possible transactions on behalf of … Thompson Creek."[14]  Contrary to Stoehr's

24 apparent claim that this letter guaranteed him some undisclosed payment in the event UBS was

25 ever involved in a deal with Thompson Creek, the letter merely states that the parties would

26 ───────────────────

[12] *Overruled on other grounds in Citizens for Covenant Compliance v. Anderson*, 12 Cal.4th 345,
27 366 n. 6 (1995).

[13] Complaint at 2.

28 [14] (Ex. A to Complaint) (emphasis added).

1    assess Stoehr's "relative contribution" to any possible transaction and then agree on his

2    entitlement, if any, to additional fees.[15] There is no allegation that UBS failed to perform *this*

3    basic duty.

4              Plaintiff cannot premise a breach of contract claim on actions taken by UBS that are

5    entirely permissible under the plain language of the alleged agreement. *See Weinstein v. Saturn*

6    *Corp.*, 2007 WL 1342604, at *2 (N.D. Cal. May 8, 2007) (dismissing a claim for breach of a

7    nonexistent contractual obligation); *Jet Source Charter, Inc. v. Gemini Air Group, Inc.*, 2007

8    WL 4144997, at *3-4 (S.D. Cal. November 19, 2007) (dismissing contract claim where contract

9    attached to the complaint contradicted plaintiff's theory of a contractual obligation owed by the

10   defendant). The letter simply does not impose the contractual obligations plaintiff asserts that

11   UBS breached. Moreover, in light of the plain language of the letter, plaintiff cannot allege facts

12   that would constitute a breach. The Complaint therefore should be dismissed with prejudice

13   under Fed. R. Civ. P. 12(b)(6).

14   **D.       Plaintiff's Claim for Breach of Contract Is Time-Barred.**

15             In addition to these substantive deficiencies, the Court should dismiss Stoehr's complaint

16   as untimely. Under California law, the statute of limitations for breach of a written contract is

17   four years. Cal. Code Civ. P. § 337(1). The cause of action accrues at the time of the alleged

18   breach, regardless of whether any damage is apparent or whether the injured party is aware of his

19
     right to sue. *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 6 Cal. 3d 176, 187 (1971) ("The
20
     plaintiff's ignorance of the cause of action . . . does not toll the statute.").
21
22             The only breach Stoehr can plausibly allege based on the wording of the alleged contract

23   is the parties' failure to "agree on an estimate of additional payments that could be due to

24   [plaintiff] in respect of possible transactions on behalf of Amax Gold and Thompson Creek."[16]

25   The latest this breach could have occurred was October 1, 1999, when, according to the terms of

26   the letter, the parties' relationship expired without having agreed on Stoehr's entitlement to any

27   _____

28   [15] *Id.*

DEFENDANT UBS SECURITIES LLC'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

additional payments.  *See Ahmadzai v. Metully*, 2005 WL 2219215, at *3 (E.D.Cal., September

12, 2005) (statute of limitations for alleged breach began to run when parties discontinued their

business relationship).  There are no allegations in the complaint that the parties have had <u>any</u>

contact in the eight years since this letter expired, let alone that they entered into some other

agreement that was operative during the statutory period.  Therefore, plaintiff had until October

of 2003 to bring a claim based on his alleged entitlement to any fees.  By waiting until December

6, 2007 to file his demand for money, Stoehr missed this deadline by more than four years, and

his complaint should be dismissed as untimely.  *See Jablon v. Dean Witter & Co.*, 614 F. 2d 677,

682 (9th Cir. 1980) ("If the running of the statute is apparent on the face of the complaint, the

defense may be raised by a motion to dismiss."); *Ahmadzai*, 2005 WL 2219215 at *3 (granting

motion to dismiss where claim for breach of contract barred by applicable statutes of limitations

and plaintiff could not amend his complaint to raise claims not barred by the applicable statutes

of limitation).

**E.      Plaintiff Has Not Adequately Alleged The Existence of A Fiduciary Relationship.**

        Finally, plaintiff's untethered allegation for breach of fiduciary duties should be

dismissed, or stricken from the complaint pursuant to Fed. R. Civ. P. 12(f)[17], because the

complaint does not allege any facts that could give rise to a fiduciary relationship between the

parties.  *Sonoma Foods, Inc. v. Sonoma Cheese Factor, LLC*, 2007 WL 2122638, *9 (N.D. Cal.

July 23, 2007) (dismissing claim for breach of fiduciary duties because plaintiff failed to "plead

any facts which would give rise to a fiduciary duty based upon a legal relationship between the

parties.")  For example, Stoehr does not, and cannot, assert that this alleged contract for services

created the type of legally defined relationship – such as attorney/client, trustee/beneficiary,

partners or joint venturers – known to give rise to fiduciary duties.  *See, e.g., Wolf v. Superior*

---

[16] Ex. A to Complaint (emphasis added).

[17] It is unclear from the complaint whether plaintiff is intending to assert a cause of action for breach of fiduciary duties, or whether this is an extraneous allegation to his breach of contract claim.  Accordingly, UBS moves pursuant to either Fed. R. Civ. P. 12(b)(6) or 12(f) to dismiss this allegation from the complaint.

11

1    *Court,* 107 Cal. App. 4th 25, 31 (2003) (holding, where complaint was "devoid of allegations

2    showing an agency, trust, joint venture, partnership or other 'traditionally recognized' fiduciary

3    relationship," no fiduciary duty existed). Absent such a relationship, California precedent makes

4    clear that a commercial contractual relationship does not give rise to fiduciary duties unless the

5    contract creating the relationship contains express contractual language in which the parties

6    agreed to those fiduciary duties. *Sonoma Foods,* 2007 WL 2122638 at *9 (holding dismissal

7    proper where contract contained no express term creating a fiduciary relationship; "[m]ere

8    contractual relationships, without more, do not give rise to fiduciary relationships."). Because

9    there is no such language here, this unsupported allegation should be stricken from the complaint

10   unless and until plaintiff can allege *facts* showing the existence of a fiduciary relationship. *See*

11   *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996) (motion to strike should

12   be granted as to "any part" of the complaint "when the damages sought are not recoverable as a

13   matter of law.")

14                                    **V.    CONCLUSION**

15          Fundamentally, a complaint must give the defendant fair notice of the wrongful conduct

16   alleged. This complaint fails to plead anything with specificity, and the little which can be

17   deduced does not amount to a legally cognizable claim. The Court should grant UBS' motion to

18   dismiss.

19   Dated: February 15, 2008                          Respectfully Submitted,

20
                                                       KEKER & VAN NEST, LLP
21

22

23                                              By:    /s/ Stuart L. Gasner
                                                       STUART L. GASNER
24                                                     Attorneys for Defendant
                                                       UBS SECURITIES LLC
25

26

27

28

DEFENDANT UBS SECURITIES LLC'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)