KEKER & VAN NEST, LLP
STUART L. GASNER - #164675
ERIC H. MACMICHAEL - #231697
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Defendant
UBS SECURITIES LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD J. STOEHR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UBS SECURITIES LLC AND DOES 1 THROUGH 50,<br><br>　　　　　　Defendants. | Case No. C-08-0185-SC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:　　June 13, 2008<br>Time:　　10:00 a.m.<br>Dept:　　Courtroom 1, 17th Floor<br>Judge:　　The Honorable Samuel Conti |

418974.02

1
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

The parties to this action hereby submit the following Joint Case Management Conference Statement.

1. **Jurisdiction and Service**: This action was removed to this Court based on diversity of citizenship. There is no issue as to jurisdiction or service.

2. **Facts**: There has been no discovery in this matter, so the following is intended merely as a brief summary of background events.

Plaintiff Stoehr has worked over the years as a consultant in the mining industry. In 1997, Stoehr and SBC Warburg Dillon Read ("SBC Warburg") exchanged correspondence concerning consulting services to be provided by Stoehr for a fee. In correspondence in late 1998 and early 1999, Stoehr claimed to have done work on a variety of projects, including certain work in connection with "Thompson Creek." In 2006, defendant UBS Securities (a successor of sorts to SBC Warburg by virtue of UBS' acquisition of SBC) was involved in a transaction involving Thompson Creek Mining Company.

Plaintiff contends that he is owed a fee for the 2006 Thompson Creek transaction under the 1997 arrangements. Defendant contends (among other things) that the 2006 Thompson Creek transaction is unrelated to any services plaintiff provided to SBC Warburg, and that any agreement reached in 1997 does not afford Stoehr a fee in connection with the 2006 transaction.

3. **Legal issues**: The parties have identified the following legal issues at this juncture of the case:

- Whether plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted?
- Whether plaintiff's complaint should be dismissed under Federal Rule of Civil Procedure 8(a)?
- Whether the parties reached an agreement in 1997, and whether any such agreement as it relates to plaintiff's claim to a fee in connection with the

Thompson Creek transaction, is enforceable (as plaintiff contends) or is an unenforceable "agreement to agree" (as defendant contends).

- Whether defendant breached any enforceable provision of an agreement with plaintiff;
- Whether the agreement alleged by the plaintiff is barred by the statute of frauds;
- Whether plaintiff's complaint is barred by the statute of limitations;
- Other legal issues, of course, may emerge in the course of discovery or motions practice.

4. **Motions**: Defendant's Motion to Dismiss for failure to state a claim is currently pending before the Court.

5. **Amendment of Pleadings**: None contemplated at this time.

6. **Evidence Preservation**: Plaintiff has preserved all relevant documents. Defendant has taken steps to preserve evidence relevant to the issues reasonably evident in this action, including the interdiction of any document-destruction program and prevention of ongoing erasures of e-mails and other electronic documents.

7. **Disclosures**: None as yet. Because the Defendant's Motion to Dismiss is potentially dispositive, the parties determined that the most prudent and economical course was to await the Court's ruling before proceeding with a formal discovery conference under Fed. R. Civ. P. 26(f) or Initial Disclosures under Fed. R. Civ. P. 26(a)(1).

8. **Discovery**: No discovery has taken place as yet. Although, as noted above, no formal 26(f) conference has taken place yet, the parties have discussed discovery informally in connection with this Joint CMC statement, and propose a preliminary discovery plan as follows:

(A) Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) to be made within 14 days following Defendant's Answer (as applicable) or an order from the Court denying Defendant's motion to dismiss, whichever comes first, with subsequent disclosures to be made in accordance

1  with Rule 26;

2   (B) While the subjects of discovery cannot be determined precisely at this stage of the
3  case, the parties agree that the subjects of the discovery should include at least the
4  understandings of the parties in connection with the alleged agreement on which plaintiff's claim
5  is based; the services plaintiff rendered to defendant, SBC Warburg, and other predecessors; any
6  fees the defendant received that are relevant to plaintiff's claims; the relevant facts and
7  circumstances surrounding the genesis of the 2006 Thompson Creek transaction; whether
8  plaintiff rendered any services in connection with the 2006 Thompson Creek transaction; and the
9  amount of any fee that could be properly payable to plaintiff.  Nothing herein is intended to
10 concede the relevance of any particular discovery, to suggest the irrelevance of matters not listed,
11 or to waive objections to discovery.  The parties further reserve the right to seek to limit or stage
12 discovery, or to seek to compel discovery not listed.

13  (C) The parties believe that it is premature to set a discovery cut-off at this point
14 given the uncertainty of the pleadings.

15  (D) The parties currently see no need to limit or modify the discovery rules for this
16 case, but reserve the right to seek modifications as the case proceeds.

17  9. **Class Actions**:  Not applicable.

18  10. **Related Cases**:  None.

19  11. **Relief**:  Plaintiff's claim is for damages in accordance with proof of the amount
20 that the parties contemplated that he would be paid for the transaction in question.  Defendant
21 does not believe that plaintiff is entitled to any relief.  The parties agree that it is premature to
22 provide further detail as to damages until after Initial Disclosures and exchange of the relevant
23 documents in discovery.

24  12. **Settlement and ADR**:  The parties believe they will be in a better position to
25 determine the prospects for settlement after the Court rules on Defendant's Motion to Dismiss

the complaint. The parties believe that within 90 days of the Court's ruling they will be able to participate in an Early Neutral Evaluation of the case, and the Court has recently ordered an ENE on that time schedule.

13. **Consent to Magistrate Judge for All Purposes**: Defendant has not consented.

14. **Other References**: None foreseen at this time.

15. **Narrowing of Issues**: Not warranted at this time. Defendant believes that if the case proceeds past its motion to dismiss, discovery and motions practice can be focused to allow for a motion for summary judgment that could end the case or narrow the issues going forward.

16. **Expedited Schedule**: Streamlined procedures should not be necessary.

17. **Scheduling**: The parties believe that it is premature to set a formal schedule at this point in the case due to the uncertainty of the pleadings and the pendency of Defendant's motion to dismiss, which is potentially case dispositive. Rather than guess at a schedule at this premature point in the case, the parties suggest that if the Court's order on Defendant's motion to dismiss results in anything other than dismissal of the case with prejudice, the parties will submit a Stipulated Scheduling order within 14 days from the date of the Court's ruling in order to allow the pleadings to be settled, and the chance for the parties to formulate a reasonable schedule, including the possible staging of discovery and motions practice as outlined briefly in Paragraph 15, above. In the event the parties are unable to agree upon a schedule, they will seek a further Case Management Conference at the earliest possible convenience of the Court.

18. **Trial**: Plaintiff has requested a jury trial. It is premature to estimate the length of any trial until at least some discovery is taken.

19. **Disclosure of Non-party Interested Entities or Persons**: Plaintiff knows of no entity or person interested in this action other than himself. Defendant filed its Certification of Interested Entities or Persons Pursuant To Fed. R. Civ. P. 7.1 & Civil L.R. 3-16 on February 15, 2008 and incorporates that filing herein by reference.

20. **Other matters**: As noted above, the parties believe that the just, speedy and

1 inexpensive disposition of this matter can be promoted by minimizing discovery and disclosure
2 obligations unless and until the case is at issue.

4 Dated: June 6, 2008                              KEKER & VAN NEST, LLP

                                                  By: /s/ Eric MacMichael
                                                      ERIC MACMICHAEL
                                                      Attorneys for Defendant

Dated: June 6, 2008                               JONES, CLIFFORD, JOHNSON & JOHNSON, LLP

                                                  By: /s/ Kenneth G. Johnson
                                                      KENNETH G. JOHNSON
                                                      Attorneys for Plaintiff