KENNETH G. JOHNSON, ESQ. SBN 59558
**JONES, CLIFFORD, JOHNSON & JOHNSON, LLP**
100 Van Ness Avenue, 19th Floor
San Francisco, CA 94102
Telephone: (415) 431-5310
Facsimile: (415) 431-2266

DOV M. GRUNSCHLAG, ESQ. SBN 42040
CARTER, CARTER, FRIES & GRUNSCHLAG
44 Montgomery Street, Ste 2500
San Francisco, CA 94104
Telephone (415) 989-7694
Facsimile (415) 989-4864

Attorneys for Plaintiff
RICHARD J. STOEHR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD J. STOEHR,<br><br>Plaintiff,<br><br>vs.<br><br>UBS SECURITIES, LLC, as SUCCESSOR-IN-INTEREST TO SBC WARBURG DILLON READ, INC. and DOES 1 through 50,<br><br>Defendants | Case No.: C-08-0185-SC<br><br>**PLAINTIFF'S AMENDED COMPLAINT** |

Plaintiff alleges as follows:

Facts Common to All Claims for Relief

1. Plaintiff Richard Stoehr ("Stoehr" or "Plaintiff") is an individual citizen of the State of California residing in Belvedere, California.

2. Defendant UBS Securities LLC ("UBS" or "Defendant") is a Delaware limited liability company with its principal place of business in Stamford, Connecticut, no member of which is a citizen of the State of California. It is sued herein as successor-in-interest to SBC Warburg Dillon Read Inc.

3. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

4. Plaintiff was at all relevant times a consultant with decades of experience and many relationships in the mining industry. Defendant was at all relevant times an investment bank, in the business of underwriting or otherwise supporting or advising on either a public offering of stock or other transactions (mergers or acquisitions) that would generate fees from client companies.

5. Beginning in 1989, defendant engaged plaintiff to render services intended to produce fees for defendant as a result of transactions it would conclude in the mining industry. Plaintiff's services included identifying potential opportunities for transactions, introducing mining companies and key individuals to defendant, advising on potential transactions, and assisting in the consummation of transactions. It was understood and agreed between plaintiff and defendant that (a) he would be compensated for the services he rendered; (b) plaintiff's compensation would consist of a fixed retainer amount plus participation in fees received by the bank; (c) the participation fee typically would be agreed upon after the services were rendered, and after defendant had earned its fees from transactions; and (d) the participation fee would be based on such customary industry factors as the fee that the bank received, and the contribution plaintiff had made in connection with the transaction. The parties did business on this basis, and plaintiff was paid participation fees ranging from 5% to 20% of the fees earned by the bank.

6. In 1997, defendant sought to continue plaintiff's services. To that end, defendant offered the following: (a) an amount that would compensate plaintiff for services previously rendered, to be paid over a two-year period, during which plaintiff would continue to provide consulting services; and (b)

additional payments for particular transactions on which the bank may earn a fee, plaintiff's fee to be agreed upon after the bank's own fee was ascertained. Two such possible transactions were identified: Amax Gold and Thompson Creek. Plaintiff's fee in connection with these possible transactions would be agreed upon in the same manner, and based on the same factors, as the parties had done in their previous course of dealing over the past seven years.. The terms of this offer were reflected, in part, in a letter dated October 31, 1997.

7. Plaintiff accepted the offer described in the foregoing paragraph by letter dated November 3, 1997, and proceeded to render services in reliance on defendant's promise to compensate him in accordance with the parties' previous course of dealing. The Amax Gold transaction that the parties had referenced in fact materialized, and plaintiff was paid $75,000 in connection with it, an amount defendant represented to be 20% of the fees the bank collected in the transaction.

8. Thompson Creek was a company that operated a molybdenum mine. Plaintiff introduced its principal owner, Steve Mooney, to defendant and advised the defendant as to his professional opinion of the large potential value of the mine, and participated in discussions concerning the sale of the company that the bank would facilitate. Mooney, after first encouraging a possible deal, decided to put the matter of a sale on the back burner, because the price of molybdenum was declining, making the company less attractive to buyers. Plaintiff is informed and believes, and thereon alleges, that, after the price of molybdenum improved, Mooney approached defendant for financing the sale of the company, which defendant did; the deal closed in October 2006 and was a $575,000,000 transaction with an additional contingent payment of $125,000,000. Plaintiff is informed and believes, and thereon alleges, that defendant earned a substantial fee on the Thompson Creek transaction.

////

////

9. Plaintiff and defendant agreed, partly in writing and partly orally, that plaintiff would be paid a fee if and when defendant earned a fee from a sale transaction involving Thompson Creek, and that the amount of his fee would be based on the same factors as in the parties' previous course of dealing.

10. Notwithstanding the agreement set forth above, defendant has denied plaintiff's entitlement to any fee in any amount in connection with the Thompson Creek transaction, and has refused to enter into discussions to arrive at a mutually agreeable fee.

11. Plaintiff introduced Thompson Creek and its principal owner, Steve Mooney, to defendant, and engaged in discussions concerning the potential sale of the company, in reliance on defendant's promise to pay him a fee if a transaction materialized, the amount to be agreed upon in accordance with the parties' previous course of dealing.

### First Claim for Relief-- Breach of Contract

12. Plaintiff incorporates as though fully set forth herein the allegations of paragraphs 1-11 above.

13. On or about November 3, 1997, the parties entered into an agreement, partly in writing and partly orally, that plaintiff would be compensated in the event defendant earned a fee in connection with a transaction involving Thompson Creek.

14. On or about September 11, 2007, defendant breached the agreement by denying that any fee was owed to plaintiff in connection with a Thompson Creek transaction made in 2006, and by failing to pay any fee.

15. Plaintiff has performed all obligations to defendant entitling him to the fee prayed for herein.

16. Plaintiff has suffered damages in an amount according to proof representing a fee to be determined in accordance with the parties' agreement to follow their previous course of dealing.

### Second Claim for Relief-- Quantum Meruit

17. Plaintiff incorporates as though fully set forth herein the allegations of paragraphs 1-16 above.

18. Plaintiff rendered services and conferred a benefit on defendant with an expectation of payment shared by the parties.

19. Plaintiff is entitled to an amount according to proof for the reasonable value of his services.

### Third Claim for Relief-- Breach of Covenant

20. Plaintiff incorporates as though fully set forth herein the allegations of Paragraphs 1-19 above.

21. Inherent in every consensual relationship is the covenant of the parties to act in good faith and deal fairly with each other in connection with the subject matter of the relationship.

22. By denying that plaintiff is entitled to any fee in connection with the Thompson Creek transaction, defendant has breached the covenant of good faith and fair dealing.

23. Plaintiff is entitled to an amount according to proof for defendant's breach of the covenant of good faith and fair dealing.

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

First Claim for Relief: Breach of Contract

1. Plaintiff requests payment of all fees in an amount determined according to the parties' agreement according to proof;

2. For all prejudgment as allowed by law;

3. For all attorney fees as allowed by law;

4. For costs of suit incurred herein;

5. For such other and further relief as the Court deems just and proper.

<u>Second Claim for Relief – Quantum Meruit</u>

1. Plaintiff requests payment of an amount according to proof for the reasonable value of his services;

2. For all prejudgment as allowed by law;

3. For all attorney fees as allowed by law;

4. For costs of suit incurred herein;

5. For such other and further relief as the Court deems just and proper.

<u>Third Claim for Relief – Breach of Covenant</u>

1. Plaintiff requests payment of an amount according to proof for defendants' breach of the covenant of good faith and fair dealing;

2. For all prejudgment as allowed by law;

3. For all attorney fees as allowed by law;

4. For costs of suit incurred herein;

5. For such other and further relief as the Court deems just and proper.

Dated: August 11, 2008                             **JONES, CLIFFORD, JOHSON & JOHNSON, LLP**

By: ___/s/ Kenneth G. Johnson___
KENNETH G. JOHNSON, ESQ.
Attorneys for Plaintiff
RICHARD J. STOEHR