1 | KEKER & VAN NEST, LLP
STUART L. GASNER - #164675
2 | ERIC H. MACMICHAEL - #231697
710 Sansome Street
3 | San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
4 | Facsimile:  (415) 397-7188

5 | Attorneys for Defendant
UBS SECURITIES LLC

6

7

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | SAN FRANCISCO DIVISION

11

12 | RICHARD J. STOEHR,                          Case No. C-08-0185-SC

                        Plaintiff,            **DEFENDANT UBS SECURITIES LLC'S**
13 |                                            **NOTICE OF MOTION AND MOTION TO**
                                               **DISMISS AMENDED COMPLAINT**
14 |         v.                                 **PURSUANT TO FEDERAL RULE OF**
                                               **CIVIL PROCEDURE 12(B)(6)**
15 | UBS SECURITIES LLC AND DOES 1
THROUGH 50,
                                               Date:       October 24, 2008
16 |                         Defendants.        Time:       10:00 a.m.
                                               Dept:       Courtroom 1
17 |                                            Judge:      Honorable Samuel Conti

18

19

20

21

22

23

24

25

26

27

28

---

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ...................................................................................1

ISSUES TO BE DECIDED (Civil Local Rule 7-4(a)(3)) ................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

I.      INTRODUCTION ................................................................................................1

II.     FACTUAL ALLEGATIONS ..............................................................................2

III.    LEGAL STANDARD............................................................................................3

IV.     ARGUMENT..........................................................................................................4

    A.    The Breach of Contract Claim Fails Because Stoehr Has Not Alleged a
      Legally Enforceable Agreement Between the Parties ...........................................4

        1.    The October 31, 1997 Letter Plainly Indicates An
            Unenforceable "Agreement to Agree"........................................................4

        2.    The Court Should not Consider the Amended Complaint's
            Vague and Unspecified Claims of a "Partly Oral, Partly
            Written" Agreement.....................................................................................6

        3.    Even if Plaintiff's Allegations of a "Partly Oral, Partly
            Written" Agreement  are Considered, The Contract Allegations
            Remain Flawed. ...........................................................................................7

        4.    The Statute of Frauds Precludes Enforcement...........................................9

    B.    Stoehr's Claim For Breach of the Covenant of Good Faith and Fair
      Dealing Fails For the Same Reasons the Breach of Contract Claim
      Fails.....................................................................................................................10

    C.    Stoehr's Quantum Meruit Claim Is Time Barred .................................................11

    D.    The Amended Complaint Should be Dismissed with Prejudice............................11

V.      CONCLUSION......................................................................................................11

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Bell Atlantic Corp. v. Twombly,*
127 S. Ct. 1955 (2007)..................................................................................................3

*Cahill v. Liberty Mutual Insurance Co.,*
80 F.3d 336 (9th Cir. 1996) ........................................................................................4

*Chavez v. Blue Sky Natural Beverage Co.,*
503 F. Supp. 2d 1370 (N.D.Cal., 2007) ....................................................................11

*Diamond Mining & Management, Inc. v. Globex Minerals, Inc.,*
421 F. Supp. 70 (N.D.Cal. 1976) ................................................................................9

*Faigman v. Cingular Wireless, LLC,*
2007 U.S. Dist. LEXIS 14908 (N.D. Cal. Mar. 1, 2007)............................................4

*In re Silicon Graphics, Inc. Sec. Litigation,*
970 F. Supp. 746 (N.D. Cal. 1997) .............................................................................4

*Western Mining Council v. Watt,*
643 F.2d 618 (9th Cir. 1981) ......................................................................................4

**STATE CASES**

*Alexander v. Codemasters Group Ltd.,*
104 Cal. App. 4th, 129 (2002) ....................................................................................9

*Avalon Products v. Lentini,*
98 Cal. App. 2d 177 (1950) .........................................................................................5

*Azadpour v. Sun Microsystems, Inc.,*
2007 WL. 2141079 (N.D. Cal. July 23, 2007)............................................................6

*Beck v. America Health Group International, Inc.,*
211 Cal. App. 3d 1555 (1989) .....................................................................................5

*Bustamante v. Intuit Inc.,*
141 Cal. App. 4th 199 (2006) ......................................................................................8

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,*
222 Cal. App. 3d 1371 (1990) .....................................................................................6

*Casa Herrera, Inc. v. Beydoun,*
32 Cal. 4th 336 (2004) ...........................................................................................7, 10

*Citizens for Covenant Compliance v. Anderson,*
12 Cal. 4th 345 (1995) ...............................................................................................10

*Cohn v. Levy,*
2007 WL. 2405810 (Cal. App. Aug. 24, 2007) .........................................................11

DEFENDANT UBS SECURITIES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. C-08-0185

*Dodd v. Citizens Bank of Costa Mesa,*
222 Cal. App. 3d 1624 (1990) ............................................................................6

*Guz v. Bechtel National, Inc.,*
24 Cal. 4th 317 (2000) ....................................................................................10

*Haggard v. Kimberly Quality Care, Inc.,*
39 Cal. App. 4th 508 (1995) ..............................................................................7

*Otworth v. S. Pac. Trans. Co.,*
166 Cal. App. 3d 452 (1985) ..............................................................................6

*Racine & Laramie, Ltd. v. Department of Parks & Recreation,*
11 Cal. App. 4th 1026 (1992) ...........................................................................10

*Riley v. Bear Creek Planning Committee,*
17 Cal. 3d 500 (1976) .....................................................................................10

*Sayble v. Feinman,*
76 Cal. App. 3d 509 (1978) ...............................................................................8

*Smissaert v. Chiodo,*
163 Cal. App. 2d 827 (1958) ..............................................................................5

*Sterling v. Taylor,*
40 Cal. 4th 757 (2007) ....................................................................................10

*Waller v. Truck Insurance Exchange, Inc.,*
11 Cal. 4th 1 (1995) .......................................................................................10

**FEDERAL STATUES**

Federal Rule of Civil Procedure 12(b)(6) ....................................................1, 3, 7

**STATE STATUTES**

California Civil Code § 1624(a)(1) ........................................................................9

California Code of Civil Procedure § 1856 ..............................................................7

DEFENDANT UBS SECURITIES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. C-08-0185

1    **NOTICE OF MOTION AND MOTION**

2    PLEASE TAKE NOTICE that on October 24, 2008, at 10:00 a.m., or as soon thereafter

3    as the matter may be heard, before the Honorable Samuel Conti, United States District Court,

4    San Francisco, California, Defendant UBS Securities LLC ("UBS") will, and hereby does, move

5    the Court pursuant to the Federal Rules of Civil Procedure 12(b)(6) for an Order dismissing the

6    Complaint filed in this action.

7    This Motion is based on this Notice of Motion and Motion; the Memorandum of Points

8    of Authorities below; all pleadings and papers filed herein; oral argument of counsel; and any

9    other matter that may be submitted at the hearing.

10    **ISSUES TO BE DECIDED (Civil Local Rule 7-4(a)(3))**

11    1.    Whether Plaintiff's Amended Complaint should be dismissed with prejudice

12    under Federal Rule of Civil Procedure 12(b)(6) in light of plaintiff's failure to remedy the

13    deficiencies pointed out in the Court's Order of July 10, 2008 dismissing the Complaint.

14    2.    Whether Plaintiff's Amended Complaint should be dismissed with prejudice for

15    failure to comply with the Statute of Frauds.

16    3.    Whether Plaintiff's quasi-contractual claim should be dismissed with prejudice as

17    untimely.

18    4.    Whether Plaintiff's Third Claim for Relief should be dismissed because the

19    covenant of good faith and fair dealing is not a standalone claim.

20    **MEMORANDUM OF POINTS & AUTHORITIES**

21    **I.    INTRODUCTION**

22    Plaintiff Richard Stoehr ("Stoehr") has filed an amended complaint seeking to correct the

23    deficiencies set forth in the Court's Order of July 10, 2008 ("July 10 Order"), which dismissed

24    his original complaint.  Defendant UBS Securities LLC ("UBS") urges the Court to dismiss the

25    amended complaint, this time *with prejudice*, for several reasons.

26    First, the amended complaint makes all the more clear that Stoehr's breach of contract

27    claim is premised on an "agreement to agree" that is unenforceable under California law, as the

28    Court ruled in its July 10 Order.  Stoehr concedes, as he must, that the parties never reached

1

1  agreement on numerous essential terms of the alleged contract, and expressly reserved

2  determination of those possibilities to future agreement. The amended complaint thus continues

3  to violate the core of the Court's prior ruling.

4      Second, although Stoehr tries to skirt the Court's ruling by making vague claims of a part

5  written, part oral agreement, these allegations do not save the amended complaint. The supposed

6  oral terms are inadequately pled, contradict the allegation of the initial complaint, violate the

7  parol evidence rule, and should not be considered at all. And even if the alleged oral terms are

8  considered, they *still* cannot make out an enforceable contract claim under various principles of

9  California contract law.

10      Third, the other claims in the amended complaint are deficient. The quantum meruit

11  claim is time-barred on its face. The claim for "breach of the covenant of good faith and fair

12  dealing" is not a standalone claim, but, rather, part of the contract claim that fails for the reasons

13  above.

14      The amended complaint thus cures none of the deficiencies in the Court's July 10 Order.

15  UBS respectfully requests that this case be dismissed with prejudice.

16              **II.    FACTUAL ALLEGATIONS**

17      Stoehr alleges that beginning in 1989, he served as a consultant to SBC Warburg Dillion

18  Read, Inc. ("SBC Warburg"),[1] and worked to identify potential opportunities for transactions,

19  introduce mining companies and key individuals to SBC Warburg, and assist in the

20  consummation of transactions. Amended Complaint ("AC") at ¶ 5. In 1997, Stoehr and SBC

21  Warburg exchanged the correspondence that formed the basis of Stoehr's initial complaint.[2] The

22  first letter is dated October 31, 1997 (the "October 1997 Letter") and was a proposal to Stoehr to

23  serve as a consultant to the mining division at SBC for two years, commencing on October 1,

24  1997. Regarding proposed compensation, the letter called for an initial payment of $100,000 and

25  a quarterly retainer of $120,000. The letter went on to state:

26  ———————————————

27  [1]  SBC Warburg Dillon Read, Inc. was subsequently acquired by Defendant UBS Securities LLC. July 10 Order at 1, fn. 1.

28  [2]  Notice of Removal, Dkt. No. 1, Exhibit A (Attachment to Complaint filed December 7, 2007 in *Stoehr v. UBS Securities LLC*, San Francisco Superior Court, Case No. 07-469841).

DEFENDANT UBS SECURITIES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. C-08-0185

> We and you should seek to identify and agree, as early as practicable, <u>situations that might qualify for additional payments</u> and estimate the approximate additional amount. Each such situation will be *sui generis* (we shall often not know at the outset of a mandate how we shall ultimately earn our revenue) and will reflect, mainly, success fees and <u>relative contribution</u>. We can go through some illustrative examples of how this might work in relation to advisory and equity business. We have already identified and <u>need to agree</u> on an estimate of additional payment that <u>could be due</u> to you in respect of <u>possible transactions</u> on behalf of Amax Gold and <u>Thompson Creek</u>.

*Id.* (emphasis added). Stoehr wrote back to SBC on November 3, 1997, stating that the "letter is acceptable as written." *Id.*

As noted above, the Court ruled in its July 10 Order that the 1997 letters constituted an unenforceable agreement to agree. In his amended complaint, Stoehr seeks to work around that ruling by re-characterizing the agreement between himself and SBC Warburg as one that was reflected only "in part" by the October 31, 1997 letter. AC ¶ 6. Feeling thereby free to ignore the critical part of the letter that makes plain there is *no agreement* on future fees and that such fees will be decided on a "*sui generis*" basis, the amended complaint goes on to allege that "[p]laintiff's fee in connection with these possible transactions would be agreed upon in the same manner, and based on the same factors, as the parties had done in their previous course of dealing over the past seven years." *Id.* The amended complaint goes on to allege that because Stoehr introduced the principal owner of the Thompson Creek mine to SBC Warburg at some unspecified time (but presumably before his consulting relationship with SBC Warburg ended in 1999), and because he has not been paid anything from a transaction involving Thompson Creek in 2006, he is entitled to a fee in an amount that "would be based on the same factors as in the parties' previous course of dealing." AC ¶ 9.

Stoehr's strained effort to plead around the Court's July 10 Order fails for several reasons, set forth below.

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint "is appropriate if the plaintiff is unable to articulate 'enough facts to state a claim to relief that is plausible on its

1    face.'" July 10 Order at 4, citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

2    Although a court must accept as true properly pleaded factual allegations, it "need not…accept

3    as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or

4    unreasonable inferences." *Faigman v. Cingular Wireless*, LLC, 2007 U.S. Dist. LEXIS 14908,

5    *7 (N.D. Cal. Mar. 1, 2007) (*citing Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.

6    1996). See also July 10 Order at 4, citing *Western Mining Council v. Watt*, 643 F.2d 618, 624

7    (9th Cir. 1981).

8         In deciding a motion to dismiss for failure to state a claim, the court's review generally is

9    limited to the contents of the complaint. See July 10 Order at 4-5. However, documents "are

10   considered part of the pleadings if they are referred to in the plaintiff's complaint and are central

11   to [its] claim." *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997)

12   (internal citation omitted). Here, the fatal defects in Stoehr's Amended Complaint appear both in

13   Stoehr's allegations themselves and in the alleged contract between Stoehr and UBS, to which

14   Stoehr repeatedly refers. See, *e.g.*, AC ¶¶ 6, 7, 13. Stoehr not only incorporates the contract by

15   reference, it is central to Stoehr's claim. This Court, therefore, can and should consider these

16   writings, copies of which are attached as exhibits to Stoehr's original complaint.[3]

17                          **IV.    ARGUMENT**

18   **A.    The Breach of Contract Claim Fails Because Stoehr Has Not Alleged a Legally
         Enforceable Agreement Between the Parties**

19

20         **1.    The October 31, 1997 Letter Plainly Indicates An Unenforceable "Agreement
               to Agree"**

21         First, as the Court properly held in the July 10 Order, the October 1997 Letter attached to

22   Stoehr's initial complaint plainly states that the parties have *no agreement* as to future payments

23   for potential transactions. The relevant paragraph of that letter starts by saying: "We and you

24   should seek to identify and agree, as early as practicable, situations that might qualify for

25   additional payments."[4] The final sentence of this paragraph states: "We have already identified

26

27   ────────────

[3]  Stoehr's initial complaint was Exhibit A to defendant's petition for removal, cited at
     footnote 2, *supra*, and is hereinafter referred to as his "Original Complaint."

28   [4]  October 31, 1997 Letter at page 2, cited at footnote 2, *supra*.

─────────────
4

1  and <u>need to agree</u> on an estimate of additional payment that <u>could</u> be due to you in respect of

2  <u>possible</u> transactions on behalf of Amax Gold and Thompson Creek."[5]  As this Court previously

3  determined, "[b]oth sentences explicitly reference the need to agree, at some point in the future,

4  on payment amounts for transactions that, at the time of the letter, were still mere possibilities."[6]

5          In light of this clear language in the October 1997 Letter, acknowledged by the Court in

6  its July 10 Order, it is difficult to imagine a case that falls more squarely within California's

7  prohibition on enforcing this kind of "agreement to agree."  Here, as in *Smissaert v. Chiodo*, 163

8  Cal. App. 2d 827 (1958), the written document itself makes plain that the relevant issue is a

9  matter to be agreed upon in the future.  See also *Beck v. Am. Health Group Int'l, Inc.*, 211 Cal.

10  App. 3d 1555, 1562 (1989) ("[A]n agreement for future negotiations [is] not the functional

11  equivalent of a valid, subsisting agreement."); *Avalon Prods. v. Lentini*, 98 Cal. App. 2d 177,

12  179-80 (1950)(Where "there has been no agreement upon an essential element and the contract

13  provides no means for the determination thereof but leaves it to the future negotiation and

14  agreement of the parties, the contract is void.").

15          The amended complaint cannot convert these unequivocal written statements that the

16  parties have *not* agreed and *might agree* in the future, into an agreement that Stoehr <u>would</u> be

17  paid a fee.  The October 1997 correspondence makes impeccably clear that Stoehr "could" be

18  entitled to fees,[7] not that he "would" be entitled to them as a matter of obligation.  It also states

19  that both parties would need to agree on Stoehr's entitlement to additional fees.  The amended

20  complaint alleges no other written agreement beside the 1997 correspondence.  It alleges no

21  agreement that repudiates the 1997 correspondence; to the contrary, the amended complaint

22  endorses and cites to it.  AC ¶ 6.

23          The Court was correct in finding that the October 1997 Letter created no more than an

24  unenforceable "agreement to agree."  The amended complaint does nothing to change that

25  conclusion.

26

27  [5]  *Id.* (emphasis added).
    [6]  July 10, 2008 Order at 7.

28  [7]  October 31, 1997 Letter at page 2, cited at footnote 2, *supra*.

---

5

1    **2.    The Court Should not Consider the Amended Complaint's Vague and
        Unspecified Claims of a "Partly Oral, Partly Written" Agreement.**

2

3          The Court should not permit the Stoehr to do an "about-face" and attempt to circumvent

4    the Court's July 10 Order by claiming in the amended complaint that a vague amalgam of the

5    same writings he relied upon before, plus unspecified oral communications, allow him to

6    contradict the plain language of the October 1997 Letter.

7          For one, in his initial complaint, Stoehr made clear that he was relying exclusively on the

8    1997 writings as the source of defendant's supposed obligation.[8]  Stoehr's original complaint

9    states unequivocally that he is suing for breach of a "written" contract that was consummated on

10   November 3, 1997.[9]  Stoehr represented that a copy of the contract was attached to the complaint

11   as Exhibit A, and at no point did he allege that there were any oral agreements between the

12   parties covering the same subject matter.  The law frowns upon taking positions in an amended

13   complaint that contradict the allegations of the original complaint.  "Where allegations in an

14   amended complaint contradict those in a prior complaint, a district court need not accept the new

15   alleged facts as true." *Azadpour v. Sun Microsystems, Inc.*, 2007 WL 2141079, at *2, n.2 (N.D.

16   Cal. July 23, 2007).  Stoehr cannot disavow these allegations – or the writings themselves –

17   simply because he now needs to evade the consequences of the Court's July 10 Order that the

18   written agreements upon which he previously relied are unenforceable.  As the court noted in

19   *Dodd v. Citizens Bank of Costa Mesa*, 222 Cal. App. 3d 1624, 1626-1627 (1990),"facts

20   appearing in exhibits attached to the complaint will also be accepted as true and, if contrary to

21   the allegations in the pleading, will be given precedence." *Id.* at 1626-27 (emphasis added).

22         Secondly, the amended complaint is hopelessly vague as to how the supposed agreement

23   was "partly in writing and partly orally." AC ¶ 9.  In order to state a valid claim for breach of

24   contract, plaintiff must plead the nature and terms of the contract with reasonable certainty.[10]

25   _____

26   [8]  Original Complaint at 3, cited in footnote 2, supra.

     [9]  *Id.* at Exhibit A.

27   [10]  See *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388-89 (1990); see
     also *Otworth v. S. Pac. Trans. Co.*, 166 Cal. App. 3d 452, 459 (1985) (sustaining demurrer for
28   failure to set out terms of employment contract).

1    Furthermore, in order to satisfy Federal Rule of Civil Procedure 12(b)(6), plaintiff must state the

2    "circumstances, occurrences, and events in support of the claim presented," making "either direct

3    or inferential allegations respecting all the material elements necessary to sustain recovery under

4    some viable legal theory." *Twombly*, 127 S.Ct. at 1965 n.3, 1969 (internal quotation marks

5    omitted).  The amended complaint does not come close to satisfying either of these standards

6    with respect to any alleged oral agreement.

7         Third, the October 1997 Letter states clearly that it "would supersede all preceding

8    arrangements" between the parties, and Stoehr's November 3, 1997 response states that "[y]our

9    letter is acceptable as written."  Original Complaint at Attachments; AC ¶6.  The parol evidence

10   rule therefore bars Stoehr from relying on oral extrinsic evidence to vary, alter or add to the

11   terms of such a written, integrated agreement.[11]  But this is precisely what the amended

12   complaint tries to do, claiming that an unspecified oral communication to compensate him in

13   accordance with prior dealings was part of the "offer" that he accepted in the November 3, 1997

14   letter. AC at page 3, lines 3-7.  In other words, Stoehr is seeking to allege parol evidence to turn

15   the plain terms of the written  1997 correspondence – which disavowed any agreement on future

16   fees – into an obligation to pay them in accordance with an oral understanding.  Thus, Stoehr's

17   alleged parol evidence is offered not to explain the meaning of the contract language, but to

18   contradict it. This is precisely the evil the parol evidence rule was designed to prevent. See, e.g,

19   *Haggard v. Kimberly Quality Care, Inc.,* 39 Cal. App. 4th 508, 518 (1995) (admission of

20   evidence as to an implied oral agreement was improper where it contradicted terms of integrated

21   written agreement).

22        **3.    Even if Plaintiff's Allegations of a "Partly Oral, Partly Written" Agreement
            are Considered, The Contract Allegations Remain Flawed.**
23

24        Even if the Court were willing to consider Stoehr's vague and improper allegations of an

25   unspecified but "partly oral" agreement, there would still be no enforceable agreement.

26        It is firmly established in California that no enforceable agreement may exist unless there

27
     ───────────────────────
28   [11]  Cal. Code Civ. Proc. § 1856; *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 345 (2004)
     (noting that the parol evidence rule "determines the enforceable and incontrovertible terms of an

1  is a meeting of the minds on all material terms.[12]  Those terms must be sufficiently definite and

2  certain so that a court can determine the scope of the parties' obligations, judge whether a breach

3  of those obligations has occurred, and have a rational basis for the assessment of appropriate

4  damages. *Id.*

5        The vague and contradictory allegations of the amended complaint plainly do not add up

6  to a sufficiently definite contract to be enforceable.  The October 1997 Letter makes plain that

7  the parties would "need to agree" on additional payments that Stoehr "*could*" be entitled to;  in

8  stark contrast, the amended complaint asserts that "plaintiff *would be paid a fee* if and when

9  defendant earned a fee from a sale transaction involving Thompson Creek…" (AC, ¶ 9)  The

10  October 1997 Letter  states that and that the determination of any fees in the future would highly

11  flexible, indeed "*sui generis*," which literally means "of its own kind" or "unique or peculiar;"[13]

12  the amended complaint alleges, to the contrary, a structured arrangement that "the amount of his

13  fee would be based *on the same factors as in the parties' previous course of dealing*."  AC ¶ 9;

14  see also AC ¶ 6.  The October 1997 Letter states that Stoehr's entitlement to additional payments

15  was reserved for situations where SBC, in its "sole discretion and subject always to the overall

16  performance of the Group and the Mining Team;"[14] the amended complaint turns that into

17  defendant's "promise to compensate him in accordance with the parties' previous course of

18  dealing."  AC ¶6.

19        There is no way to shape these diametrically-opposed concepts – one set of ideas in the

20  written provisions of the October 1997 Letter and another set of concepts embodied in the

21  amended complaint – into an "agreement," without simply fashioning it out of the whole cloth.

22  The court cannot "make for the parties a contractual arrangement which they themselves did not

23  make, nor to insert language which one party now wishes was there."  *Sayble v. Feinman*, 76

---

integrated written agreement").

[12] See *Bustamante v. Intuit Inc.*, 141 Cal. App. 4th 199, 209 (2006).  "[T]he failure to reach a meeting of the minds as to all material points prevents the formation of a contract even though the parties may have orally agreed upon some of the terms or have taken some action related to the contract.") *Id.* at 215

[13] *Black's Law Dictionary*, (8th ed. 2004).

[14] October 1997 Letter at page 2, cited at footnote 2, *supra*.

1   Cal. App. 3d 509, 515 (1978). While courts will occasionally infer terms that are nonessential or

2   can be readily determined by objective standards, that is inappropriate here, where the October

3   1997 letters expressly reserved any commitment on additional fees until Stoehr's "relative

4   contribution" could be assessed, and expressly stated that the parties would "need to agree" on

5   Stoehr's entitlement to more fees at that time.[15] See, e.g., Diamond Mining & Mgmt., Inc. v.

6   Globex Minerals, Inc., 421 F. Supp. 70, 75 (N.D.Cal. 1976) ("Recognizing that the

7   responsibility for drafting contracts lies properly with the parties rather than with the courts,

8   [California] state law has long dictated that an agreement devoid of a material term, and thus

9   indicating the need for future agreement between the parties, is void.")

10          Finally, it is apparent from review of the conflicting and vague allegations of the

11   amended complaint that Stoehr is not really seeking to enforce a definable agreement, but to

12   initiate a lawsuit, obtain discovery, and to force the defendant to reach an agreement. Indeed,

13   one paragraph of the amended complaint goes so far as to complain that defendant "has refused

14   to enter into discussions to arrive at a mutually agreeable fee"! AC ¶ 10. Given that there are no

15   allegations in the Amended Complaint establishing any discernible connection between the work

16   Stoehr allegedly performed for Thompson Creek in 1997, and the deal UBS completed for

17   Thompson Creek in 2006, it is hard to see how a Court could ever fashion such a remedy. This

18   fundamental uncertainty as to how to assess damages further supports the alleged agreement's

19   unenforceability.[16]

20          **4.    The Statute of Frauds Precludes Enforcement**

21          Alternatively, the Statute of Frauds bars plaintiff's alleged agreement, because the

22   contract could not be performed within one year and there was no writing containing all essential

23   terms. Cal. Civ. Code § 1624(a)(1). The agreement alleged in the amended complaint includes

24   the October 1997 Letter as part of its terms, AC ¶6. That letter include a two-year consulting

25

26

27   [15] October 31, 1997 Letter, cited at footnote 1, supra.

28   [16] See Alexander v. Codemasters Group Ltd., 104 Cal. App. 4th, 129, 152 (2002) (court must
     have a "reasonably certain basis for giving an appropriate remedy") (citations omitted).

1  commitment, which on its face could not be performed within a year.

2      The California Supreme Court has held that in order to satisfy the Statute of Frauds, there

3  must be a written instrument that contains all of the essential terms of the contract. *Sterling v.*

4  *Taylor*, 40 Cal. 4th 757, 766 (2007). The statute of frauds "demands that every material term of

5  an agreement within its provisions be reduced to written form, whether the parties desire to do so

6  or not." *Casa Herrera*, 32 Cal. 4th at 345. Here, the core portion of the supposed agreement

7  alleged in the amended complaint – the commitment to pay a fee for a future Thompson Creek

8  transaction in accordance with prior dealings – is *not* in writing. The only writings alleged are

9  the October 31, 1997 letter and Stoehr's November 3, 1997 response, and those letters include no

10  such term. Consequently, this case can also be dismissed pursuant to the Statute of Frauds. See

11  *Riley v. Bear Creek Planning Comm.*, 17 Cal. 3d 500, 509 (1976)[17] ("Every material term of an

12  agreement within the statute of frauds must be reduced to writing. No essential element of a

13  writing so required can be supplied by parol evidence.")

14  **B.    Stoehr's Claim For Breach of the Covenant of Good Faith and Fair Dealing Fails**
      **For the Same Reasons the Breach of Contract Claim Fails.**

15

16      Stoehr's claim for breach of the covenant of good faith and fair dealing is superfluous

17  and should, therefore, be dismissed. The implied covenant of good faith and fair dealing is not

18  "endowed with an existence independent of its contractual underpinnings." *Waller v. Truck Ins.*

19  *Exchange, Inc.*, 11 Cal. 4th 1, 36 (1995). The covenant does not apply in the absence of an

20  agreement, and even where implied, it does not create obligations contrary to the express terms

21  of the agreement or understanding. See *Guz v. Bechtel Nat'l, Inc.* 24 Cal. 4th 317, 349 (2000)

22  (The covenant "cannot impose substantive duties or limits on the contracting parties beyond

23  those incorporated in the specific terms of their agreement."); *Racine & Laramie, Ltd. v. Dep't of*

24  *Parks & Recreation,* 11 Cal. App. 4th 1026, 1032 (1992) ("[i]f there exists a contractual

25  relationship between the parties, . . . the implied covenant is limited to assuring compliance with

26  the express terms of the contract, and cannot be extended to create obligations not contemplated

27

28  [17] *Overruled on other grounds in Citizens for Covenant Compliance v. Anderson*, 12 Cal. 4th
345, 366 n. 6 (1995).

1    in the contract.")  This claim should therefore be dismissed for the same reasons as the breach of

2    contract claim.

3    **C.    Stoehr's Quantum Meruit Claim Is Time Barred**

4          The two-year statute of limitations for quasi-contractual claims begins to run immediately

5    upon performance of the service at issue.  See *3 Witkin, Cal. Procedure* (4th ed. 1997) Actions

6    § 508 ("When services are performed at the request of another without a contract, the duty

7    implied by law to pay for them arises immediately on performance.  Hence the statute begins to

8    run, and the plaintiff may recover only for the value of services rendered within 2 years before

9    the suit is filed."); *Cohn v. Levy*, 2007 WL 2405810 at *5 (Cal. App. Aug. 24, 2007).  The

10   Amended Complaint does not allege that Stoehr performed any work for UBS after October of

11   1999, more than eight years before Stoehr filed suit.  Consequently, Stoehr missed the statute of

12   limitations by more than six years, rendering his quasi-contractual claim time barred and subject

13   to dismissal.

14   **D.    The Amended Complaint Should be Dismissed with Prejudice**

15         Stoehr already has had an opportunity to cure the defects in his claims, and further

16   amendment would be futile.  Accordingly,  this case should be dismissed with prejudice.  See,

17   *e.g., Chavez v. Blue Sky Natural Beverage Co.*, 503 F.Supp.2d 1370, 1374-75 (N.D.Cal. 2007).

18

19                              **V.    CONCLUSION**

20         The Court should dismiss Stoehr's Amended Complaint in its entirety and with prejudice.

21

22   Dated:  August 28, 2008                     Respectfully submitted,

23

24                                              KEKER & VAN NEST, LLP

25

26                                       By:   /s/ Stuart Gasner
                                              STUART GASNER
27                                            Attorneys for Defendant
                                              UBS SECURITIES LLC
28

DEFENDANT UBS SECURITIES LLC'S NOTICE OF MOTION AND MOTION TO DISMISS AMENDED
COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. C-08-0185